Genevieve F. SMITH,
Respondent–Cross–Appellant,

v.

Buford L. SMITH,
Appellant–Cross–Respondent,

and

Joseph Smith, et al.,
Third–Party Defendants.

Nos. 52187, 52232.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 3, 1987.

Theodore S. Schechter, Clayton, for Buford Smith.

William R. Gartenberg, Clayton, for Genevieve Smith.

KAROHL, Presiding Judge.

Former husband appeals award of maintenance or, in the alternative, the amount of maintenance granted in a Decree of Dissolution granted on June 9, 1986. The court made extensive findings of fact and conclusions of law with the Decree. Wife was granted leave to file a late cross appeal. The appeals were consolidated. We refused a last minute request by wife to file a brief out of time as appellant or respondent.

The parties were married August 9, 1975. There were no children born of the marriage. The parties separated in January 1983, after seven and one half years of marriage. After husband severely damaged the marital home, wife was forced to leave.

Wife was sixty-eight years old at the time of trial. Since shortly after the parties separated she has resided in government subsidized housing. She was twenty-three years old when she married her first husband. That marriage lasted almost thirty-four years, until her husband's death. She has an eighth grade education and her employment experience is inconsequential.

Husband was sixty-one years old at time of trial. He was employed with the General Services Administration from 1964 until his retirement in 1984. His work involved refrigeration, air-conditioning and heating maintenance. He also operated his own

business out of his home doing similar maintenance work. Husband testified at trial that he retired from his government employment for health reasons, but the trial court found that he was not disabled and could have continued to work.

On June 9, 1986, the trial court found the marriage irretrievably broken. In accordance with Section 452.335 RSMo 1986, the trial court awarded to each party their separate property and divided the marital property as it deemed just. The court also awarded wife $300 per month in maintenance.

Husband initially claims error in awarding wife any maintenance at all because wife was given sufficient marital and separate property to provide for her reasonable needs.

A maintenance award is discretionary and our review is limited to whether the trial court abused its discretion. *Corey v. Corey*, 712 S.W.2d 708, 710 (Mo.App.1986). Our focus is on whether there was substantial evidence to support the trial court's findings, that the findings are not against the weight of the evidence and that the trial court does not erroneously declare or apply the law. *Cochran v. Cochran*, 716 S.W.2d 275 (Mo.App.1986).

As part of her separate property wife was given a life estate in the home she had shared with her first husband, hereinafter referred to as the Oldenburg property. Wife valued the property at $30,000. This home was free and clear of any debt. Three days prior to her second marriage, at husband's suggestion, wife conveyed the Oldenburg property to her children, reserving a life estate and a power of sale for herself. She therefore had only a pre-marital life estate in this real estate. Wife's daughter has rented the property since 1982 for $225 per month.

The court also awarded wife a life estate interest on the family home of her second marriage, referred to as the Ellenwood property. This home was conveyed pre-marriage to one of husband's daughters with a life estate reserved for husband and wife. The home was valued between $50,-000 and $65,000 and, as of trial, had never been rented out.

As separate property, the decree awarded husband four pieces of income-producing rental property, the values of which husband did not supply to the court. Husband also received $1200 in personalty, two vehicles, his government term insurance policy and over $7,500 in GSA pension benefits as his separate property. As marital property, husband was awarded four motor vehicles, four banking accounts, one investment retirement account, one insurance policy, ten savings bonds, $2500 in personalty, the marital value in leasehold of 5 acres on which the parties built an $11,000 barn and over $10,000 in marital retirement benefits. The total value of both marital and separate property awarded husband exceeds $43,000 in addition to the valuation of the income-producing, non-marital rental properties. Further, the trial court considered husband's unilateral decision to give away $15,000 in marital property after the commencement of the dissolution proceeding when arriving at a "just" division of marital property as per Section 452.335.2 RSMo 1986.

■ Former husband claims error in awarding maintenance because the Oldenburg and Ellenwood properties in addition to other separate and marital property given wife, are sufficient to provide for wife's reasonable needs as per Section 452.335.-1(1). Husband argues at some length that by increasing the rent on the Oldenburg property and renting out the Ellenwood property, wife would easily be able to provide for her reasonable needs. Husband's point is not well taken in view of the fact that there was no testimony from either side regarding the reasonable rental value of either piece of property; that either property could be rented at a higher rate; or that the Ellenwood property could be rented out at all. We note no evidence that the Ellenwood home had ever been restored to a habitable condition following husband's destruction of necessaries inside (i.e. the three commodes, furnace and kitchen sink).

Husband also suggests that since wife has incurred no debt and has been living within the confines of her income for the three and one half years pending dissolution, she has demonstrated the ability to meet her reasonable needs and is entitled to nothing more.

For two reasons this argument fails. First, during the pendency of the dissolution, wife has been receiving P.D.L. maintenance of $279.50 per month. Second, wife testified that she has found it "very hard" to live within the confines of her funds and that although not incurring debts, has been forced to use a substantial portion of her savings. It is well recognized that a spouse is not required to dispose of her assets or consume marital property before being entitled to maintenance. *Johnson v. Johnson,* 671 S.W.2d 426 (Mo.App.1984).

Similarly, we are not persuaded by arguments that wife should receive no maintenance since wife's income will actually increase after the dissolution. Currently, wife's monthly income includes $225 rent received on the Oldenburg property, $147 social security benefits and $279.50 in P.D.L. maintenance, for a total monthly cash flow of $651.50. At trial, the parties stipulated that following dissolution wife would be entitled to $614 per month railroad benefits from her first marriage in lieu of her social security benefits of $147 a month. Wife would no longer be receiving P.D.L. maintenance, but would continue to receive $225 per month rent. Her total monthly income would be $839, which represents a net monthly increase in her income of $187.50. However, there was sufficient evidence in the record for the trial court to conclude that wife's government rent subsidy would decrease and her rent would increase proportionately to her higher income (30% of income) and that wife has ongoing expenses which will deplete the "increase" in her monthly income.

Husband also contends that reasonable needs do not automatically equal the standard of living acquired during marriage. The thrust of his argument is that wife is currently meeting her reasonable needs and the award of maintenance merely guarantees the preservation of her standard of living established during the marriage. Husband fails to recognize that this is but one factor the court considers when ordering maintenance. Section 452.335.2(1–7). The evidence does not require a finding that wife is currently enjoying the standard of living she had during her marriage. Since separation, wife has been forced to move into a subsidized retirement home and has exhausted a significant portion of her savings. Merely because the addition of maintenance allows wife to meet her expenses and continue her modest charity work does not permit the inference that the maintenance decree serves the sole purpose of reinstating a prior, superior standard of living.

Husband repeatedly reminds us that the legislative intent of the maintenance provisions in Section 452.335 is to promote self-sufficiency via property distribution and employment Section 452.335.1(1) & (2). He argues that dependency of a spouse seeking maintenance is not presumed, but rather that a spouse is in proper situations to be encouraged and aided in becoming self-sufficient. *Doerflinger v. Doerflinger,* 646 S.W.2d 798, 800 (Mo. banc 1983). The position is sound, but its application is doubtful to the present situation. We recall wife's age, sixty-eight. She has only an eighth grade education and very little work experience. Moreover, the record gives no indication that the real properties awarded to wife, namely Oldenburg and Ellenwood, could be rented at a higher rate or even rented out at all. Consequently, we find no abuse of discretion based upon the record. In the event of an increase in income by wife, husband has the option of modification. Point I denied.

Husband's second point assumes *arguendo* that some maintenance is appropriate, but contends that the $300 periodic maintenance is excessive. We review this point only to determine whether the trial court has abused its discretion. *Corey v. Corey,* 712 S.W.2d 708, 710 (Mo.App.1986).

We reject husband's claim of error for several reasons. First, Section 452.-335.2 directs the trial court to determine

the amount of maintenance after considering those factors enunciated in subsections 1–7. Each case must be determined on its own facts and the trial court has broad discretion in awarding maintenance. Section 452.335.2 RSMo 1986. There was sufficient evidence in the record to support a finding that wife was unable to independently meet all her needs absent the maintenance award. Her monthly income, including her first husband's railroad pension and gross rent from the Oldenburg property totals $839 per month. Her *minimum* monthly expenses are approximately $860 per month. This sum is not comprehensive of her expenses and does not include expenses such as taxes and real estate maintenance. The court, from wife's testimony, reasonably could have found that, in fact, wife's expenses more closely approximated $1100—$1200 per month. This figure includes allowance for wife's modest charitable contributions which she had engaged in throughout the marriage with husband's approval.

While we consider all pertinent factors outlined in Section 452.335.2(1–7), we also focus on husband's ability to pay the amount of maintenance awarded and the wife's inability to meet her reasonable needs without it. There was evidence to support a finding that wife is financially unable to stay within the confines of her income with an award less than $300 per month. The facts support a finding that currently wife's expenses exceed her income by between $300 to $400 per month.

In regard to husband's ability to pay, the record contains substantial evidence which supports the trial court's finding that husband's net retirement and veteran's benefits are adequate to meet his needs and pay the award. In addition, the court responded to husband's failure to produce any income, expense, or rental figures on his numerous rental properties, by finding that husbands "rental properties yield a large, albeit camouflaged, rental income." The court also found husband's unsubstantiated testimony that in 1985 he spent over $9000 in repairs to his rental property to be "wholly incredible." The court believed that husband consistently inflated his expenses in order to conceal his income and incurred almost $24,000 in debt to put his financial condition in a false light. This led the court to conclude that husband was certainly able to provide for wife's maintenance. The evidence in the record supports this finding. Accordingly, we find no abuse of discretion in the granting of $300 per month periodic maintenance. The elements of need by wife and ability of husband to pay the maintenance award are supported by the evidence. Point denied.

On husbands' appeal the judgment is affirmed at husbands' costs. Wifes' appeal is dismissed at wifes' costs. Rule 84.08(b).

SMITH and KELLY, JJ., concur.