Wayne Allen CHILDERS, Appellant,

v.

Carla Sue CHILDERS, Respondent.

No. WD 57777.

Missouri Court of Appeals,
Western District.

Sept. 19, 2000.

Robert E. Harris, Warrensburg, for appellant.

Barbara L. Teeple, Tipton, for respondent.

RONALD R. HOLLIGER, Judge.

Wayne Childers ("Husband") appeals the trial court's judgment and decree of dissolution of his eighteen-year marriage to Carla Childers ("Wife"). Husband raises three points on appeal, dealing with the awards of maintenance and child support. In his first two points, Husband contends the trial court erred because there was no substantial evidence to support an award of maintenance, or, alternatively, that the amount of the award is against the weight of the evidence. In his third point, Husband contends the trial court erred in calculating child support by failing to consider the maintenance award in computing the gross monthly income of the parents. We affirm in part and reverse in part, and remand for further proceedings.

## BACKGROUND

Wayne Childers and Carla Childers were married 18 years prior to their dissolution in September 1999. They have two sons, ages 18 and 14. Husband has been employed by the same company for over 16 years, while Wife has worked 11 years for her employer. At the time of the dissolution, Wife's gross earnings were $9.29 per hour, or an average of $1,610.27 per month. The trial court determined her income was $1,607, and Husband's income was $3,700. Finding also that Wife lacked sufficient property to provide for her own needs, that she was unable to adequately support herself through employment, and that she was in need of some maintenance, the trial court ordered Husband to pay to Wife modifiable maintenance of $400 per month. Husband was also ordered to pay child support in the sum of $614 per month. The trial court's division of property and orders regarding custody of the children and attorney fees are not challenged.

## STANDARD OF REVIEW

"Provisions in a divorce decree will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *Allen v. Allen*, 927 S.W.2d 881, 885 (Mo.App.1996), citing *Woolridge v. Woolridge*, 915 S.W.2d 372, 375 (Mo.App.1996); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The burden of demonstrating error is on the party challenging the divorce decree. *Allen*, 927 S.W.2d at 885. As to maintenance orders, the trial court is granted broad discretion, and the evidence is viewed favorably to the decree, disregarding evidence to the contrary and deferring to the trial court even if the evidence could support a different conclusion. *Id.* Child support provisions will be upheld unless the trial court abused its discretion or erroneously applied the law. *Leone v. Leone*, 917 S.W.2d 608, 611 (Mo.App.1996).

## CHILD SUPPORT

We address Husband's third point first, in which he attacks the trial court's calculation of child support. Rule 88.01 and § 452.340, RSMo 1994, govern the award of child support, providing a two-step procedure for determining the amount of child support. *Woolridge*, 915 S.W.2d at 378. First, the trial court is required to calculate the child support amount pursuant to Civil Procedure Form No. 14, either by accepting one of the parties' proposed Form 14 or by rejecting either party's Form 14 if not accurately or correctly completed, and preparing one of its own. *Id.* There is a presumption that the amount of child support calculated pursuant to Form 14 is the amount of child support to be awarded. *Id.* The Form 14 presumed amount may be rebutted, however, by the trial court's finding that it is unjust or inappropriate after considering all the relevant facts and circumstances of the individual case. *Id.* at 378–79. In the present case, the trial court rejected the Forms 14 submitted by the parties and prepared its own. Husband complains the trial court failed to include the maintenance award in computing the income of Wife for purposes of the Form 14 calculation. He argues, correctly, that the Form 14 *Directions, Comments for Use* require the court to first consider whether maintenance will be awarded, and determine the appropriate amount thereof before calculating child support to be awarded. Form 14; Rule 88.01. Wife concedes that if maintenance is awarded, the trial court's child support calculation was in error. We must, therefore, consider Husband's appeal of the maintenance award, raised in two points.

## MAINTENANCE

As to the trial court's maintenance award, Husband first contends that the trial court erred because there was no substantial evidence upon which the trial court could have found that Wife was unable to meet her own reasonable needs through appropriate employment in order to conclude she was entitled to an award of maintenance. Alternatively, he argues that the amount of the award is against the weight of the evidence, considers expenses not permitted by the law, is excessive, and therefore, is an abuse of discretion.

To award maintenance, the trial court must follow the two-part threshold test set out in § 452.335.1, RSMo.1994.[1] The court must first determine whether the spouse seeking maintenance has sufficient property, including marital property divided during the dissolution proceedings, to provide for his or her reasonable needs. *In Re Marriage of Liljedahl*, 942 S.W.2d 919, 924 (Mo.App.1996). If the party requesting maintenance lacks sufficient property to meet his or her reasonable needs, the court then examines whether the party's reasonable needs can be met through appropriate employment. *Id.* In evaluating the merits of a party's claimed expenses, the trial court judges the credibility of witnesses and evaluates the merits of the expenses claimed. *Schroeder v. Schroeder*, 924 S.W.2d 22, 26 (Mo.App. 1996). The party requesting maintenance has the burden of showing need before it may be awarded. *Carpenter v. Carpenter*, 935 S.W.2d 89, 92 (Mo.App.1996). A trial court has broad discretion in determining the amount and duration of a maintenance award in a dissolution case. *Id.* Maintenance awards are reviewed only for abuse of discretion. *Id.* Nevertheless, such awards cannot stand without supporting evidence. *Halupa v. Halupa*, 943 S.W.2d 272, 277 (Mo.App.1997).

Husband's two points regarding maintenance overlap and factually must be considered together. He articulates a laundry list of expenses claimed by Wife that he believes were either not supported by the evidence or not properly considered by the trial court in determining her reasonable

<hr>

1. Unless otherwise noted, all statutory references are to RSMo 1994.

needs. Many of the expenses Husband disputes are argued under both theories. We, therefore, will address them concurrently.

Wife submitted an income and expense statement, in which she claimed expenses of $2,710.16 per month and testified at trial as to her reasonable monthly expenses. She admitted at trial that she did not break down all the expenses and allocate them between the children and herself.[2] As to certain expenses listed in her statement, the record reflects that Wife testified to contrary amounts. It is on this basis that Husband claims the trial court should not have considered these expenses.

▬ To prove claimed expenses, "statements of income and expenses are routinely admitted and relied upon without further testimony or documentary support for each individual item." *Brooks v. Brooks*, 957 S.W.2d 783, 788, (Mo.App. 1997) (quoting *M.A.Z. v. F.J.Z.*, 943 S.W.2d 781, 790 (Mo.App.1997)). However, if such expenses are disputed, or the party seeking maintenance concedes at trial his or her lack of knowledge regarding the actual amounts of the claimed expenses, or the party testifies inconsistently as to the amounts of expenses claimed in his or her income and expense statement, then the weight to be accorded to the statement is negligible and does not constitute substantial evidence of reasonable needs. *Id.*

The trial court found that Wife lacked sufficient property to provide for her needs and was unable to fully support herself through appropriate employment. Husband disputes several of Wife's monthly expenses, as follows, and contends that she testified in several instances to amounts different from the amounts listed in her income and expense statement. Thus, he argues there is not substantial evidence to support a finding that she does not have sufficient income from her employment to pay her reasonable expenses and that she is not entitled to maintenance.

1. $75.00 [3] for medical and dental care and prescription drugs for the minor children. Husband argues the decree already ordered him to pay, in addition to his monthly child support payment, one-half of all uninsured health care costs, resulting in an overstatement of $37.50.

2. $22.00 for contact lens supplies for the minor son. Husband argues the decree already ordered him to pay, in addition to his monthly child support payment, one-half of this expense, resulting in an overstatement of $11.00.

3. $20.80 [4] for life insurance for the children. Husband argues this is not an allowable expense under the law.

4. $132.00 for automobile insurance. Husband argues Wife testified the minor son paid this expense himself and, therefore, it is not an allowable expense under the law. Wife also testified the son pays his own insurance when he works but she pays it otherwise.

5. $100.00 for installment debt. Husband argues Wife has only $1,029.00 worth of installment debt remaining and at $100.00 per month, she would be debt-free in ten months.

6. $18.00 for Wife's health insurance,[5] as claimed by Wife in her income

---

**2.** She did separately list the children's expenses for food, clothing, recreation, laundry, barber shop and school.

**3.** There is some inconsistency in Husband's brief as to these expenses; in Point I, he notes that one-half of this expense totals $37.50, whereas in Point II, he lists it at $65, or one-half being $32.50. A review of the income statement reveals that Wife claims a total of $75 per month for this expense.

**4.** Again, there is inconsistency in Husband's brief as to this expense, in some places showing $20.80 but in others, $20. The income and expense statement filed by Wife claims $20.80 for this expense.

**5.** Husband's brief identifies this expense as "hospitalization," whereas a review of the income and expense statement suggests instead that what Husband is referring to His Wife's expense for her own health insurance.

and expense statement. Wife testified she was not actually paying this amount but that the insurance was available to her at that amount. Since she was not paying it, Husband argues it is not an allowable expense.

7. $45.00 for dental care for Wife and children. Husband argues Wife testified she is not actually spending this amount and does not know how much she is spending.

8. $78.00 for gas and $83.00 for electricity expenses. Husband argues Wife testified the accurate amounts were $67.00 and $62.00, respectively.

9. $65.00 for telephone expenses. Husband argues Wife seeks payment of this expense through maintenance and then again by way of child support.

10. $130.00 for gasoline expenses. Husband argues the minor son testified he pays his own gasoline expenses, whereas Wife testified she gives him $30.00 or $40.00 per month for this expense when he is not working.

11. $40.00 for vehicle repair costs. Husband argues that, although Wife's statement listed this amount for these expenses, she testified she had not paid such expenses that month.

12. $224.21 for an automobile loan. Husband argues Wife testified the loan amount due was $881.34, rather than the $2,138.00 listed on her income and expense statement, and she would only be required to make the payment of $224.21 for four more months.

13. $50.00 for church and charitable contributions. Husband argues that the record contains no evidence the parties made similar contributions during the marriage and, therefore, it is not considered a reasonable and necessary expense under the law.

14. $25.00 for Wife's 401K contribution. Husband argues this is not an allowable expense under the law.

The trial court made no specific findings regarding any of Wife's monthly expenses. Consequently, this court applies Rule 73.01(c), which provides that all fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached. *In re Marriage of Swofford,* 837 S.W.2d 560, 563 (Mo.App.1992); *Stratton v. Stratton,* 694 S.W.2d 510, 512 (Mo.App. 1985). We find that the record does not support allowance of at least some of the expenses disputed by Husband, i.e., Wife's claimed expense of $50 per month for church or charitable contributions, and $25 per month for contribution to her 401k retirement plan. Modest charitable contributions which were made throughout the course of the marriage may be included when figuring the reasonable expenses of the party seeking maintenance. *Smith v. Smith,* 739 S.W.2d 562, 565 (Mo.App.1987). Accordingly, if Wife made contributions to her church during the marriage, the trial court did not err in allowing such an expense when calculating maintenance. Wife testified she contributed $5 to $10 when attending church, however, the record is without evidence demonstrating the amount, if any, of contributions made during the parties' marriage. As for Wife's claim for contributions to her 401K plan, we have previously held that retirement contributions are not allowable expenses for calculating and awarding maintenance. *Brooks,* 957 S.W.2d at 793.

A trial court, in calculating and awarding maintenance, may allow a reasonable amount above the itemized expenses of the party seeking maintenance to meet unexpected day-to-day expenses which, given their nature, may be reasonable under the circumstances, yet are incapable of specific itemization. *Id.* Additionally, the income figure for Wife relied upon by Husband is her gross income be-

fore taxes, whereas her expenses must be paid with after-tax dollars. It is proper for the court to consider Wife's expenses in light of her net income after taxes. *See, e.g., Sprouse v. Sprouse,* 969 S.W.2d 836 (Mo.App.1998); *In Re Marriage of Baker,* 986 S.W.2d 950 (Mo.App.1999). In any event, giving Husband the benefit of any doubt on all the expenses he disputes and considering them favorably to him, without deciding whether they are proper, the remaining evidence still establishes Wife's need for maintenance. Deducting all of the items Husband asserts were incorrectly considered, totaling $815.51, reduces the amount of Wife's expenses to $1,819.65. In that the trial court determined Wife's income was $1,607,[6] Wife is still left with a deficiency of more than $200. Though the trial court did not make such a distinction, Wife's net income would be even less than the $1,607 ascribed to her. "To justify a change on appeal, the amount of maintenance must be unwarranted and wholly beyond the means of the spouse who pays." *In re Marriage of Clark,* 801 S.W.2d 496, 499 (Mo.App.1990). There is no argument or evidence submitted by Husband that he is unable to pay. Therefore, balancing Wife's reasonable needs with Husband's ability to pay, it cannot be said that $400 per month in maintenance is unreasonable. *In re Marriage of Miller,* 609 S.W.2d 497–8 (Mo.App.1980).

We further reject Husband's rationale for reducing maintenance that Wife's income plus child support award should be added together to establish that she meets her reasonable and necessary living expenses. This is an improper methodology for making such a determination. The court must first consider whether maintenance will be awarded, and once the court has determined the appropriate amount thereof, then calculate the child support to be awarded.

Husband also argues, without supporting authority, that the trial court should have considered Wife's testimony that she was scheduled for step increases in her income in the coming year. She could receive a step increase within a year, in which her hourly rate would then increase to $10.56 per hour, totaling $1,830.40 per month. Wife argues that such a consideration would require the trial court to engage in speculation based on uncertain and contingent future events, and instead, the trial court must base its determination upon the present evidence of current income. We agree. An award of maintenance cannot be based on a speculative future condition. *In Re Marriage of Liljedahl,* 942 S.W.2d 919, 925 (Mo.App. 1996). Moreover, speculative future income amounts do not warrant a limitation on maintenance. *Grams v. Grams,* 789 S.W.2d 846, 850 (Mo.App.1990).

For the reasons stated, Husband's first and second points are denied. With respect to Point III alone, as to the calculation of child support, we reverse the judgment of the trial court and remand for further proceedings to determine an award of child support consistent with this opinion.

PATRICIA BRECKENRIDGE, Judge, and JAMES M. SMART, Jr., Judge, concur.

---

**6.** The evidence established Wife earned $9.29 per hour and worked 40 hours per week, for a monthly wage of $1,610.27; the trial court determined her income to be $1,607.