In re MARRIAGE OF Donna
V. HARVEY and Ronald
A. Harvey.

Donna V. Harvey,
Petitioner/Respondent,

v.

Ronald A. Harvey,
Respondent/Appellant.

No. ED 77778.

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 26, 2001.

Donna Harvey, Hannibal, Respondent pro se.

Robert M. Clayton III, Clayton & Curl, L.L.C., Hannibal, for Appellant.

KATHIANNE KNAUP CRANE, Judge.

Father appeals from the trial court's judgment increasing father's child support obligation from $800.00 per month to $1,250.00 per month for the parties' two children on the grounds that the trial court failed to follow Rule 88.01 and the Form 14 guidelines in calculating his gross income. We reverse and remand.

Donna V. Harvey, (mother) and Ronald A. Harvey (father) were married on January 14, 1989. Two children were born of the marriage, Cassandra Harvey, born August 1, 1989, and Victoria Harvey, born December 7, 1992. The parties' marriage was dissolved on June 25, 1993. Pursuant to the parties' stipulation and agreement, the court awarded physical custody of the children to mother, subject to father's rights of visitation, and ordered father to pay $400 per month per child to mother for child support.

Mother filed a motion to modify child support on January 22, 1999. Mother alleged that there were substantial changed circumstances and requested an increase based upon the increased costs of supporting older children, an alleged increase in father's income, and mother's total disability. Father filed an answer and counter-motion to modify on September 2, 1999. Father also alleged substantial changed circumstances and requested a decrease based upon his health history, which included a heart attack and bulged disks in his spine, and his large amount of debt.

At the hearing on the motions, father testified that he was self-employed as an insurance salesman and operated Western Frontier Insurance Company, a sole proprietorship. He submitted a Form 14 which showed his adjusted monthly gross income as $2,128 and a presumed child support amount of $482.88. He testified, with supporting exhibits, that he calculated his gross income based on Schedule C of his 1999 federal income tax return: He took the gross income shown on line 7 of Part I of Schedule C, deducted the total business expenses shown on Part II of Schedule C, but added depreciation back into this figure to arrive at the gross income amount for line 1 of Form 14. Mother submitted a Form 14 which showed father's adjusted monthly gross income as $9,505 and a presumed child support amount of $1,485. The trial court entered a decree granting mother's motion. It adopted the presumed child support amount of $1,485 per month as calculated on mother's Form 14. The court then found, in light of all relevant factors, that that amount was unjust and inappropriate and ordered father to pay $1,250 per month as child support.

We review the trial court's judgment on a motion to modify according to the principles in *Murphy v. Carron* and will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Cromer ex rel. Cromer v. Tucker,* 987 S.W.2d 470, 471 (Mo.App.1999).

■ On appeal father contends that the trial court erred in increasing the amount of father's child support obligation. Father argues that the trial court did not properly compute his gross monthly income according to the Form 14 guidelines for self-employed persons.

The trial court used the figures on mother's Form 14 to calculate father's child support obligation. This form showed father's monthly gross income as $9,505. Mother's attorney explained to the court how he arrived at $9505:

> On the side of Mr. Harvey, the figure I came up with, $9,505, this is how I did it: I used two exhibits. I used Respondent's Exhibit D, which is Mr. Harvey's 1999 tax return, and I used Petitioner's Exhibit 3, which is Mr. Harvey's October 12, 1999 income and expense statement. That seemed to be kind of comparing apples and apples.
>
> So I used those two forms, those two exhibits, and I used—I started out saying, well, how much did this man need to meet his monthly expenses? And I went to attachment B to his income and expense statement, which was his monthly bills and debts, which he totaled at $7,356. And I—I won't include the odd cents, but $7,356.
>
> I then made adjustments to that figure based on other information that we learned today. For instance, the fourth

item down, Direct Mercantile Bank that he—that he had first reported at $83 a month he corrected and said, no, that's his Jeep payment and it should be $809 per month. So I subtracted the $83 which was incorrectly shown and I—in lieu of that I inserted $809 for the actual payment.

> The next adjustment I made was when he reported $500 per month in medical bills, miscellaneous medical bills. I subtracted that because he actually paid far more than that in 1999. According to Exhibit D, his 1999 tax return, he paid $17,676 of medical expenses in 1999, which was actually an average of $1,473 a month. So I subtracted the five hundred and I inserted what he actually paid.
>
> I also included in this expense, in these expenses his four hundred and fifty dollar a month payment he's got for his truck, his rental on his truck.
>
> So that when you make those adjustments, that's the figure I came up with, $9,505 a month that he obviously had if he had these expenses as he reports to the Court. This is what he's paid out per month in 1999.
>
> And I think that's the only way to do it. And I'm not trying to make further argument, Your Honor, but I just wanted the Court to know how I arrived at that figure.
>
> I gave him credit on line 6–C for the $211 a month in medical insurance expense. And you can see with that adjustment it was $1,485 per month.
>
> And again, Your Honor, I apologize. There's a small error, a forty-five dollar error on her income which would adjust this a minute amount. But I can refigure it and get it to the exact dollar. But that's—that's the Form 14 we would offer.

Civil Procedure Form No. 14 contains the calculation worksheet for computing the presumed child support amount. Line 1 of that form is for gross income. The direction for line 1 provides: "If a parent...is self-employed..., 'gross income' is gross receipts minus the ordinary and necessary expenses incurred to produce such receipts. Depreciation, investment tax credits and other noncash reductions of gross receipts may be excluded from such ordinary and necessary expenses." Paragraph I. COMMENT provides:

> *Self–Employment:* Gross income from an unincorporated business is the net profit or net loss on the schedules filed as part of the parent's federal income tax return. However, expense reimbursements or in kind payments by the business to pay for expenses of the parent that are personal in nature and not business related may be income to the parent; therefore, "gross income" of the parent for purposes of computing the presumed child support amount may differ from the net profit or net loss of the business for income tax purposes.

Mother's attorney did not use the method set out in the instruction and comment for line 1 of Form 14 for calculating gross income for a self-employed person. Mother's attorney did not begin with father's gross receipts less business expenses (except non-cash reductions) as shown on Schedule C of father's federal income tax return. Rather, mother's attorney testified that he determined father's gross income from father's expenditures. Using this method, mother's attorney arrived at a figure for father's Form 14 gross income which was almost identical to father's gross receipts.

"When determining the amount of child support to be paid, the application of Rule 88.01 and Form 14 is mandatory." *Spradling v. Spradling*, 959 S.W.2d 908,

913 (Mo.App.1998). The court must calculate the gross income of a self-employed person as directed by this rule and form. *Id.; Kessinger v. Kessinger*, 829 S.W.2d 658, 661 (Mo.App.1992). The trial court erred in adopting the gross income figure from mother's Form 14 which had not been calculated in accordance with the rule.

The judgment is reversed and the case remanded.

MARY K. HOFF, C.J., and AHRENS, J., concur.