Kimberley Ann RUFFINO,
Respondent/Cross–
Appellant,

v.

Salvatore M. RUFFINO III, Appellant.

No. ED 97848.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 11, 2013.

David J. Howard, St. Charles, MO, for Appellant.

Simone A. Haberstock, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Salvatore Ruffino ("Husband") appeals from the dissolution judgment of the trial court awarding child support and maintenance to Kimberley Ruffino ("Wife"). Husband argues the trial court erred in its

calculations for the child support award, the maintenance award, and the distribution of marital assets. On cross-appeal, Wife argues the trial court erred in its division of Husband's retirement accounts. We reverse the judgment of the trial court to the extent that it fails to provide the findings necessary for Wife to prepare a Qualified Domestic Relations Order and remand for that purpose. We affirm the judgment in all other respects.

A brief summary of the relevant facts follows. Additional facts will be addressed as needed throughout our analysis.

Husband and Wife married in August 1987. Wife became pregnant in 1988 and did not work from that time until 1999 so that she could take care of the parties' three children. At the time of the dissolution, Wife worked for 6Star Management Company, LLC ("6Star"), a condominium management company owned by Husband and Wife that manages rental units at Lake of the Ozarks. Three of the condominiums are owned by Husband and Wife while twenty-seven are owned by third parties. Wife is the sole employee of 6Star, working sixty-five to seventy hours per week. At the time of the dissolution, Husband was the vice president of a construction company.

During the marriage, Husband verbally and physically abused Wife, including hitting her, punching her, pulling her hair, hitting her in the head, and pushing her on numerous occasions. This abuse has caused Wife to suffer from Post–Traumatic Stress Syndrome as well as physical harm such as a black eye.

The parties separated in December 2007, and the trial court entered its Judgment of Dissolution of Marriage in November 2011. This appeal follows.

Our review in a court-tried case is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the judgment of the trial court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* We defer to the trial court's determinations of credibility and view the evidence and inferences that may be drawn therefrom in the light most favorable to the judgment. *Neal v. Neal,* 281 S.W.3d 330, 337 (Mo.App. E.D.2009).

For his first point, Husband argues the trial court erred in calculating the award of child support to Wife, in violation of Rule 88.01,[1] because the trial court did not properly calculate Wife's monthly gross income. We disagree.

When calculating a self-employed parent's gross income for purposes of Form 14, the calculations must begin with the parent's gross receipts minus ordinary and necessary expenses. *In re Marriage of Harvey,* 48 S.W.3d 674, 677 (Mo.App. E.D.2001). It is within the discretion of the trial court whether to include depreciation, investment tax credits, and other non-cash reductions of gross receipts when calculating a parent's gross income. *See id.*

The trial court calculated Wife's yearly gross income at $22,928.00 for a monthly gross income of about $1,911.00, obtaining this number from the testimony of Wife's expert, Thomas Norton. According to Norton's testimony, he reached this number by looking at the average income for 2007, 2008, 2009 and estimated income for 2010 for all third-party condominiums and the one personally-owned condominium to be awarded to Wife in the dissolution judgment. After finding the average net income for those years (shown on Norton's worksheet as gross receipts minus busi-

**1.** All rule references are to the Missouri Su- preme Court Rules.

ness expenses), Norton made certain adjustments to account for "things that aren't really cash" such as depreciation, loan payments, and adjustments related to the parties' IRS audit.

 Husband argues 6Star's revenues in 2010 were $127,324.45 and its ordinary and necessary expenses were $34,793.24, resulting in a yearly gross income of $95,531.21. Husband acknowledges, however, that there was conflicting evidence presented during trial as to 6Star's expenses. The trial court is free to believe or disbelieve part, all, or none of the testimony of any witness. *In re Marriage of Angell*, 328 S.W.3d 753, 756 (Mo. App. S.D.2010). Here, the trial court found Wife and Norton presented credible testimony. Norton's calculations were based on 6Star's gross receipts minus expenses, as required by Rule 88.01 and Form 14. Norton then included non-cash adjustments which were within the trial court's discretion to allow. These calculations followed the requirements of Rule 88.01 and Form 14. Therefore, the trial court did not err in calculating Wife's monthly gross income on Form 14. Point denied.

For his second point, Husband argues the trial court erred in its calculation of the maintenance award to Wife, in violation of Section 452.335.[2] We disagree.

 The amount of a maintenance award is governed by Section 452.335.2 which provides relevant factors for the trial court to consider such as the financial resources of the parties, the earning capacity of the parties, the standard of living established during the marriage, and the conduct of the parties during the marriage. Section 452.335.2. A judgment concerning an award of maintenance is presumed to be correct. *Souci v. Souci*, 284 S.W.3d

749, 758 (Mo.App. S.D.2009). In the absence of a finding that the maintenance amount is patently unwarranted and wholly beyond the means of the spouse who pays, we will not interfere with the trial court's award. *Id.* The trial court must exclude from any maintenance award amounts expended for the direct care and support of a dependent child. *In re Marriage of Neu*, 167 S.W.3d 791, 796 (Mo. App. E.D.2005). When calculating and awarding maintenance, the trial court may allow a reasonable amount above the itemized expenses of the party seeking maintenance to meet unexpected day-to-day expenses which, given their nature, may be reasonable under the circumstances, yet are incapable of specific itemization. *Childers v. Childers*, 26 S.W.3d 851, 856 (Mo.App. W.D.2000). It is proper for the court to consider Wife's expenses in light of her net income after taxes. *Id.* All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached. Rule 73.01(c).

The trial court relied on Wife's Statement of Income and Expenses in reaching its maintenance award of $3,900.00 per month. In that Statement, Wife calculates her monthly expenses to be $7,963.05. The trial court did not specifically state which expenses from Wife's Statement were included in its $3,900.00 award; however, the trial court did eliminate all expenses for the parties' children included in the Statement. Counting just those expenses that were reasonable and attributable to Wife alone, the trial court found Wife's monthly expenses to be $3,900.00. The trial court then considered Wife's income plus a maintenance award of $3,900.00 per month and confirmed that both parties would have sufficient re-

---

**2.** All statutory references are to the Revised Statutes of Missouri (2000).

sources to meet their reasonable needs with a $3,900.00 per month award.

█ The trial court considered the relevant evidence, excluded expenses attributable to the parties' children, and determined a monthly number in accordance with Section 452.335.2. We find Husband's arguments regarding the trial court's calculations to be without merit. We believe the trial court's award, in light of Wife's income and reasonable expenses and Husband's verbal and physical abuse of Wife during the marriage, was without error. Point denied.

For his third and final point, Husband argues the trial court erred in its valuation and distribution of marital assets, in violation of Section 452.330, which provides factors for the trial court to follow in the distribution of assets. We disagree.

█ The trial court is afforded considerable discretion in dividing marital property. *Chambers v. Chambers,* 910 S.W.2d 780, 785 (Mo.App. E.D.1995). The trial court is free to believe or disbelieve part, all, or none of the testimony of any witness. *Angell,* 328 S.W.3d at 756. If the trial court determines one party unjustifiably withdrew marital funds, the trial court may reduce that party's award of marital assets commensurately. *Neal,* 281 S.W.3d at 342.

Viewing the facts in the light most favorable to the judgment, Husband owned the property at 1074 Bridleridge Crossing Spur at the time of the dissolution. Husband also owned thirteen Personal Seat Licenses for Rams Football games. He was unable to account for money he received as proceeds for the sale of Rams tickets in 2010. Husband also purchased $35,985.00 worth of personal property without Wife's consent following the parties' separation.

█ On appeal, Husband attempts to re-try the facts. However, we leave the factual determination to the trial court, which also determines the credibility of witnesses. The trial court found Husband's testimony regarding the ownership of 1074 Bridleridge Crossing Spur and the Rams tickets was not credible. This trial court did not abuse its discretion in making this finding.

█ With regard to the $35,985.00 in personal property, the court determined the personal property in question was in Husband's possession at the time of the dissolution, therefore that personal property would be awarded to Husband. This personal property was not valued by Wife's appraisal witness, Marilyn Monson, but was instead merely listed in a separate exhibit and awarded to Husband. While Exhibit 4 lists property to be divided from the marital home and awards some property to each spouse, everything in Exhibit 5 is awarded to Husband. Nothing in the trial court's judgment suggests the division of other marital property would be affected by the valuation of the personal property already in Husband's possession at the time of the dissolution. The trial court has broad discretion to make determinations of property division, and we do not find any error in this ruling.

Therefore, the trial court did not err in its valuation and distribution of marital assets. Point denied.

In Wife's sole point on cross-appeal, she argues the trial court erred in its order concerning the division of Husband's retirement accounts because the judgment did not specify from which retirement accounts Wife would be entitled to $350,000 and because it failed to specify whether Wife would be entitled to appreciation or losses after the date of the judgment. We agree.

■ A Qualified Domestic Relations Order ("QDRO") may be obtained after and pursuant to a final judgment of dissolution and it assures that a spouse will receive retirement benefits as an alternate payee. *In re Marriage of Green*, 341 S.W.3d 169, 174 (Mo.App. E.D.2011). A QDRO must clearly specify certain facts, including the amount or percentage to be paid to the alternate payee. I.R.C. Section 414(p)(2)(B).

■ While the trial court provided an amount to be awarded to Wife from Husband's retirement accounts ($350,000), Husband has three separate retirement accounts. The trial court's judgment does not specify whether Wife's award should be paid out of one account, split evenly between the three, or divided otherwise. The parties agree that the trial court should have the opportunity to clarify its $350,000 award to Wife. On remand, the trial court should decide the amounts Wife should receive from each of Husband's three retirement accounts and clarify whether this award includes appreciation, income, or losses accrued on each account. Point granted.

The judgment of the trial court is affirmed in part, reversed in part, and the case is remanded for further clarification with regard to the division of Husband's retirement accounts.

ROY L. RICHTER, and ANGELA T. QUIGLESS, JJ., concur.