*358 DANIEL E. SCOTT, J.,
Concurring
I concur with furthér comments in two respects. First, one answer to Dianna’s Points II and III is that when a company has a negative value, its promise to pay might be deemed worthless, but not worth less than zero. The distinction is between valuing the company and valuing its ability to pay.
Second, Childers v. Childers, 26 S.W.3d 851, 855 (Mo.App.2000), goes too far in saying a properly admitted statement of income and expenses “does not constitute substantial evidence of reasonable needs” if expenses are disputed. Childers misstates the following observation from Brooks v. Brooks, 957 S.W.2d 788, 788 (Mo.App.1997):
[Wjhere the amounts and types of expenses claimed by a party seeking maintenance are disputed; the party at trial concedes his or her lack of knowledge regarding the actual amounts of the claimed expenses; and, the party testifies inconsistently as to the amounts of expenses claimed in his or her income and expense statement, the weight tó be accorded to the statement is negligible and does not constitute substantial evidence of reasonable needs.
That is, when (1) expenses are disputed and (2) the party concedes lack of knowledge and (3) testifies inconsistently with the statement, the statement does not constitute substantial evidence per Brooks.
While purporting to follow Brooks, Childers substitutes “ors” for “ands” so any single factor is sufficient:
[I]f such expenses are disputed, or the party seeking maintenance concedes at trial his or her lack of knowledge regarding the actual amounts of the claimed expenses, or the party testifies inconsistently as to the amounts of expenses claimed in his or her income and expense statement, then the weight to be accorded to the statement is negligible and does not constitute substantial evidence of reasonable needs.
Childers, 26 S.W.3d at 855 (my emphasis). Assuming arguendo that the latter two factors might rob a statement of “substantial evidence” status, that would not be time merely because values are disputed, especially in cases like this where the statement comes into evidence without objection.