

# In the Missouri Court of Appeals Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| ANGELA M. NELSON, | ) | ED103456 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| v. | ) | 13SF-DR00443 |
| | ) | |
| DANIEL NELSON, | ) | Honorable Wendy Wexler Horn |
| | ) | |
| Appellant. | ) | Filed: September 6, 2016 |

## Introduction

Daniel Nelson (Husband) appeals the judgment of the trial court dissolving his marriage to Angela M. Nelson (Wife). Husband argues that the judgment is against the weight of the evidence in its award of sole legal custody of the minor children to Wife, in the amount of visitation awarded as joint physical custody, in the division of property, and in the award of attorney's fees to Wife. We affirm in part, and we reverse in part and remand for the limited purpose of supplementing the parenting plans for the minor children to include visitation scheduled for all of the events enumerated in Section 452.310.8(1).[1]

---

[1] All statutory references are to RSMo. (Supp. 2013), unless otherwise indicated.

## Background

Husband and Wife were married on May 1, 1995. They have two minor children born of the marriage: F.N., currently age 16, and D.N., currently age 13.

On September 23, 2013, Wife filed a petition for dissolution of marriage. Shortly thereafter, Husband filed a counter-petition for dissolution of marriage. Close in time, Wife obtained an ex parte adult order of protection against Husband, which prohibited Husband from contacting Wife but still allowed him to have contact with the children. While the dissolution proceeding was pending, on April 25, 2014, the trial court entered a Stipulation Pendente Lite providing a visitation schedule for the children as well as child support. On June 3, 2014, Husband filed a Family Access Motion, alleging Wife had refused to communicate with Husband and had prevented him from seeing the children.

The trial court held a trial regarding the parties' dissolution on November 21 and December 12, 2014. In its judgment dissolving the marriage, the trial court made the following findings. Regarding the children, the trial court found that Wife made the children available to Husband for visits and did not object to Husband serving as soccer coach for the children. The trial court found that Wife is more likely to allow the children frequent, continuing, and meaningful contact with the other parent. The trial court also found that if granted custody of the children, Husband would substantially interfere with the children's relationships with Wife's family members. The trial court noted that Husband suffers from a psychiatric disorder and had failed to take his prescribed medications in the past, but that he now recognizes the need for the medication and takes it as prescribed.

2

The trial court further found that D.N. has special needs, including learning disabilities, psychiatric, emotional, and behavioral disorders, and that Wife is best suited to make decisions regarding D.N.'s care. The trial court also found that the demands of caring for D.N.'s special needs made it inappropriate to expect that Wife could obtain full-time employment. The trial court noted that F.N. and D.N. are close, and that F.N. desires to live with Wife. The trial court found, however, that it is in D.N.'s best interest to spend more time with Husband because D.N. had animosity toward Wife.

The trial court found that Husband and Wife are unable to communicate regarding the children in any meaningful way. The trial court specifically noted that Husband had unilaterally ended family counseling with one counselor and had employed another counselor for the purpose of obtaining a positive result in the dissolution proceeding. The trial court found that Husband failed to properly dispense D.N.'s medication while D.N. was in Husband's care, but now Husband agrees to do so. The trial court concluded based on all the evidence that it was appropriate to award sole legal custody of the children to Wife.

The trial court also found that Husband had exhibited a pattern of domestic violence toward Wife, but there was no evidence of any abuse directed toward the children. The trial court determined that it was in the best interests of the children to award joint physical custody to the parties. The trial court ordered a visitation schedule wherein the children would spend every other weekend with Husband, beginning on Friday evening. F.N. would return to Wife's house on Sunday evening, and D.N. would spend Sunday night with Husband following the weekends he spent with Husband. Both children would have one weekly overnight period with Husband, and D.N. would have an additional weekly

3

overnight period with Husband. The trial court also made alternate provisions for summer vacations and several holidays in the parenting plans for each child.

Regarding the property division, the trial court heard testimony of the value of various pieces of marital property from both parties. Neither party provided appraisals for the real property at issue. The trial court accepted Wife's valuations set out in her property statement, and where she gave no opinion of value, the trial court accepted Husband's valuations. The trial court made a finding that Husband had committed misconduct during the marriage sufficient to support an unequal division of property in favor of Wife. The trial court also rejected Husband's claim that Wife committed misconduct in the form of fiscal irregularities. The trial court awarded Husband marital assets with a total value of $297,166.50 and Wife those with a total value of $244,104.50, both excluding household items and pensions. The trial court also awarded Wife fifty percent of Husband's military pension and fifty percent of Husband's pension with the State of Missouri that had accrued as of the date of the dissolution.

The trial court did not award maintenance in light of the property division. The trial court ordered Husband to pay Wife $1,163.00 monthly as and for child support. The trial court also awarded Wife attorney's fees in the amount of $14,962.50 in lieu of maintenance and to supplement the child support award.

Husband filed a motion to amend the judgment, as well as a subsequent motion to set aside or correct the judgment, or alternatively for a new trial. The trial court ultimately entered a second amended judgment changing the monthly child support amount to $786. This appeal follows.

4

## Standard of Review

In reviewing a judgment of dissolution of marriage tried by the court, "we will affirm the judgment of dissolution unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." Thorp v. Thorp, 390 S.W.3d 871, 879 (Mo. App. E.D. 2013) (internal quotation omitted). We defer to the trial court's determinations of credibility. McAllister v. McAllister, 101 S.W.3d 287, 290 (Mo. App. E.D. 2003).

Additionally, we "afford[] the trial court greater discretion in determining child custody than in other matters." Leone v. Leone, 917 S.W.2d 608, 613-14 (Mo. App. W.D. 1996). We "will not disturb the trial court's determination of custody unless it is manifestly erroneous and the welfare of the children requires a different disposition." Id.

Finally, the trial court's division of property, as well as its award of attorney's fees, are also matters within the broad discretion of the trial court. Workman v. Workman, 293 S.W.3d 89, 95-96 (Mo. App. E.D. 2009) (trial court vested with considerable discretion in dividing marital property; division need not be equal but only fair and equitable given circumstances of case); Abbot v. Perez, 140 S.W.3d 283, 296 (Mo. App. E.D. 2004) (trial court has broad discretion to award attorney's fees in dissolution). We will not reverse either award absent an abuse of that discretion. Id.

## Discussion

Husband raises six points on appeal. In Point I, he argues that the trial court's award of sole legal custody of the children to Wife was against the weight of the evidence. In Point II, Husband argues that the trial court's visitation schedule for D.N. was not in his best interests. In Point III, Husband argues that the trial court abused its discretion in the

division of marital property because it failed to determine whether Wife had dissipated marital money. Husband argues in Point IV that the trial court erred in its valuation of the marital property. In Point V, Husband argues the trial court abused its discretion in awarding attorney's fees to Wife. In Point VI, Husband argues the trial court's finding that Wife could not obtain full-time employment was against the weight of the evidence. We discuss each in turn.

Point I

Husband argues that the trial court's award of sole legal custody of both children to Wife was against the weight of the evidence. We disagree.

"Joint legal custody is appropriate only where parents display the willingness and ability to share the rights and responsibilities of raising their children." Malawey v. Malawey, 137 S.W.3d 518, 525 (Mo. App. E.D. 2004). Additionally, an award of joint legal custody "must be based on substantial evidence that fairly supports the conclusion that the parties have a commonality of beliefs concerning parental decisions." In re Marriage of Sutton, 233 S.W.3d 786, 790 (Mo. App. E.D. 2007) (quoting M. A. 149 S.W. 3d at 569). There is no statutory preference for joint legal custody; rather, it is based on the best interests of the child given the circumstances. McCauley v. Schenkel, 977 S.W.2d 45, 51 (Mo. App. E.D. 1998). "The parents' ability to communicate and cooperate is crucial in considering whether joint legal custody is proper." Pasternak v. Pasternak, 467 S.W.3d 264, 273 (Mo. banc 2015) (internal alteration and quotation omitted).

Here, the trial court heard evidence that Husband and Wife cannot communicate by telephone, and that Wife is only comfortable communicating with Husband through e-mail. Wife had obtained two ex parte orders of protection against Husband due to her fear of

6

him, and the trial court found he had exhibited a pattern of abusive behavior toward her. There was evidence that Husband posted negative statements about Wife publicly on Facebook, and that this made F.N. uncomfortable. The trial court also heard evidence that Husband refused to take D.N. to the hospital when D.N.'s psychiatrist recommended it.[2] Finally, the trial court found that Husband had unilaterally chosen to end family counseling with their former counselor and to obtain counseling from a new counselor for the purpose of obtaining a favorable result in the dissolution. All of this evidence supports a conclusion that Husband and Wife do not share a commonality of beliefs concerning parental decisions and are not able to communicate regarding decisions.

The fact that Wife is willing to communicate with Husband by email does not render the trial court's judgment against the weight of the evidence. See Sutton, 233 S.W.3d at 792-93 (fact that parents communicate solely by fax is consistent with breakdown of communication justifying modification of joint legal custody). There was no evidence, other than Husband's self-serving testimony, that Husband and Wife could set aside their personal acrimony in order to work together to make decisions regarding the children. See McCauley v. Schenkel, 977 S.W.2d 45, 50-51 (Mo. App. E.D. 1998) (joint legal custody can be appropriate despite personal tension and hostility between parents *provided that* there is substantial evidence that parties have ability and willingness to cooperate despite acrimony). The trial court did not abuse its discretion in determining that sole legal custody was appropriate.

---

[2] The trial court heard conflicting testimony in this respect. Husband testified that he did not know the psychiatrist wanted D.N. taken to the hospital, and that Husband would have taken D.N. if the psychiatrist requested Husband to do so. Wife's mother testified that she talked to Husband about the psychiatrist's recommendation to take D.N. to the hospital and Husband stated he did not believe D.N. needed to go.

Husband argues nevertheless that if sole custody was appropriate, the trial court should have awarded sole custody to Husband. Husband testified that Wife failed to share information with him regarding D.N.'s care, but the trial court was free to disbelieve this testimony. See Ruffino v. Ruffino, 400 S.W.3d 851, 855 (Mo. App. E.D. 2013) (trial court is free to believe or disbelieve all, part, or none of any witness' testimony). The trial court made a finding that Husband had failed to give D.N. his medication in the past, but had committed to give D.N. his medication in the future. The trial court also determined that Husband discouraged the children from communicating with Wife during his periods of temporary custody and that it was unlikely he would allow the children frequent and meaningful contact with Wife if granted custody. We cannot say the award is unsupported by substantial evidence or was against the weight of the evidence, and the trial court did not abuse its discretion in granting sole legal custody of the children to Wife. Point denied.

## Point II

Husband argues that the trial court's parenting plan for D.N., granting both parties essentially equal time with D.N., was not in D.N.'s best interests. We disagree.

Husband acknowledges that the trial court considered the relevant statutory factors in Section 452.375.2 when creating a parenting plan for D.N. However, Husband argues the trial court ignored substantial evidence in favor of awarding a greater-than-equal amount of time to Husband. Husband focuses on the recommendation of the guardian ad litem (GAL) that D.N. spend the majority of time with Husband, as well as the testimony of Kathleen Waggoner (Waggoner), the counselor Husband had taken the children to see in anticipation of litigation.

8

It is the trial court's duty to consider all of the evidence in light of the statutory factors. Here, the trial court did so, and determined that it was in D.N.'s best interest to spend equal time with each parent. The trial court is not bound to accept the GAL's recommendations, but may accept, modify, or reject the recommendations as the trial court deems appropriate. State ex rel. State of Kan. Soc. & Rehab. Servs. v. R.L.P., 157 S.W.3d 268, 278 (Mo. App. S.D. 2005). The trial court also appeared to give less weight to Waggoner's testimony because the court determined Husband had sought Waggoner's opinion for the purpose of obtaining a favorable outcome in the dissolution proceeding. The trial court did choose to order that D.N. spend more time with Husband than F.N. does. The trial court's parenting plan for D.N. regarding his weekly schedule is supported by substantial evidence and is not against the weight of the evidence. We cannot say the parenting plan here amounts to an abuse of the trial court's discretion.

Husband also argues in Point II that the trial court failed to apportion the children's school breaks, and this violates Section 452.310. We agree.

Section 452.310.8(1) contains the events for which a parenting plan must provide a schedule. Wennihan v. Wennihan, 452 S.W.3d 723, 737 (Mo. App. W.D. 2015). A parenting plan that complies with this section "is required to prevent courts from being clogged with minor custody and visitation disputes." In re Marriage of Alred, 291 S.W.3d 328, 335-36 (Mo. App. W.D. 2009) (internal quotation omitted). A failure to account for any of the enumerated events, including "[s]chool holidays for school-age children," constitutes reversible error. Wennihan, 452 S.W.3d at 737 (citing Murphey v. Murphey, 207 S.W.3d 679, 686 (Mo. App. S.D. 2006)).

9

The parenting plans for both D.N. and F.N. are blank in the category of "other" holidays, which include "Easter, Spring Break, Halloween, remainder of Christmas Break, New Year's Eve or other school holidays." Thus, we must reverse on this point and remand to the trial court with instructions to assign visitation for at least each of the events enumerated in Section 452.310.8(1), which includes the children's school holidays. Should the trial court determine it is in the best interests of the children to apportion time for events in addition to those specifically listed in Section 452.310.8(1), it has discretion to do so. See Wenniham, 452 S.W.3d at 737 n.10. Point granted in part.

<u>Points III and IV</u>

Husband argues in Point III that the trial court abused its discretion in failing to determine whether Wife had dissipated marital funds, and that the trial court failed to take such dissipation into account in dividing the marital property. Husband argues that some of Wife's dissipation of funds is evidenced from her valuations of certain financial assets, which the trial court awarded to Husband, as having a value of zero. In Husband's related Point IV, he argues the trial court abused its discretion in adopting Wife's valuations. We disagree.

We note again the trial court's "considerable discretion in dividing marital property." Ruffino, 400 S.W.3d 851, 856 (Mo. App. E.D. 2013). Additionally, "[i]f the trial court determines one party unjustifiably withdrew marital funds, the trial court may reduce that party's award of marital assets commensurately." Id.

Here, the trial court found that Husband had removed $50,000 from joint marital funds. The trial court also acknowledged that Wife had removed marital funds, but found that any such funds removed by Wife "were used to support the children, pay the mortgage,

10

and pay household expenses," and that Husband had refused to pay any household expenses, mortgage, or child support to Wife for a period of seven months. Thus, the trial court considered the conflicting testimony regarding dissipation of funds and determined that Wife had not committed misconduct. This finding is supported by substantial evidence and is not against the weight of the evidence.

Additionally, the trial court found that "[m]uch of [Husband]'s testimony regarding the value of marital property [wa]s not credible." We cannot disrupt this finding on appeal. McAllister, 101 S.W.3d at 290. Neither party provided evidence of valuation in the form of appraisals, and the trial court essentially had simply the opinions of Wife and Husband to rely on to make a determination of value. The trial court's decision to accept Wife's valuations over Husband's does not in this case amount to an abuse of discretion. Points denied.

## Point V

Husband argues that the trial court abused its discretion in awarding attorney's fees to Wife. We disagree.

Husband argues that the trial court was required to find unusual circumstances justifying a deviation from the general rule that each party bears his or her own costs of litigation. Husband relies on Pecher v. Pecher, 398 S.W.3d 580, 586 (Mo. App. W.D. 2013), and cases similarly holding that unusual circumstances are required for an award of attorney's fees in dissolution proceedings. However, this line of cases employs a standard not included in Section 452.355.1. Rallo v. Rallo, 477 S.W.3d 29, 44 (Mo. App. E.D. 2015) (noting history of statute as well as line of cases adopting unusual circumstances standard that "should not be followed"). Rather, Section 452.355.1 provides that the court

may award reasonable attorney's fees "after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties."

Here, the trial court took into account the financial aspects of its judgment and noted the conduct of the parties. Though Wife testified that she owed $18,000 to her attorney, the trial court made an independent determination as to a reasonable amount and awarded $14,962.50. Under the circumstances, the trial court did not abuse its discretion. Point denied.

## Point VI

Husband argues that the trial court's finding that Wife was unable to obtain full-time employment due to caring for D.N. was against the weight of the evidence. We disagree.

The trial court heard extensive testimony regarding D.N.'s special needs, the abundance of doctor's appointments he has as a result of those needs, and testimony regarding his abilities, such as whether he is able to ride the school bus. The trial court also heard testimony from Wife that she worked as she was able, and that she was able to take on additional shifts of work when the children were not in her care. Though the parties differed in their conclusions about the amount of work Wife could sustain and still care for D.N. given his current needs, it was the trial court's duty to resolve conflicting testimony. The trial court's determination that Wife could not obtain full-time employment was supported by substantial evidence and was not against the weight of the evidence. Point denied.

12

## Conclusion

The trial court's findings are supported by substantial evidence and are not against the weight of the evidence. The trial court did not abuse its discretion in awarding sole legal custody of the children to Wife, in awarding attorney's fees to Wife, or in valuing and distributing the marital property. We affirm the judgment of the trial court in all of these respects.

However, the trial court failed to assign a physical custody schedule for the children for some events as required by Section 452.310.8(1). Thus, we reverse this portion of the judgment and remand to the trial court for the limited purpose of supplementing the children's parenting plans to include all enumerated events in Section 452.310.8(1), and any such others as the trial court in its discretion determines are in the best interests of the children.

_____
Gary M. Gaertner, Jr., Judge

James M. Dowd, P.J., concurs.
Kurt S. Odenwald, J., concurs.

13