**Ronald J. FISCHER, Respondent,**

v.

**Donald H. BRANCATO,
et al., Appellants.**

**No. ED 86014.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 25, 2005.

---

1. All statutory references are to RSMo. (2000).

Thomas A. Connelly, St. Louis, MO, for appellants.

David M. Heimos, Clayton, MO, for respondent.

NANNETTE A. BAKER, Presiding Judge.

Donald H. Brancato ("Debtor"), Georgia Brancato ("Wife"), Donald H. Brancato, Inc. ("DHBI") and North County Orthopaedics, Inc. ("NCOI") appeal from a final judgment of the trial court in favor of Ronald J. Fischer ("Fischer"). We find no error and affirm.[1]

### Background

This is the second time this case has been before this court. In an August 2004 opinion, we determined that the trial court erred when it held that Fischer failed to prove a fraudulent transfer by Debtor under the Missouri Uniform Fraudulent Transfer Act ("MUFTA") Section 428.005–.059[2] and we held that Fischer was entitled to the relief provided by MUFTA. *Fischer v. Brancato*, 147 S.W.3d 794, 800 (Mo.App. E.D.2004). The evidence as set forth in that opinion is as follows: On February 2, 1996, the Circuit Court of the City of St. Louis entered a judgment in favor of Fischer and against Debtor, in the amount of $165,525.64. Since then, Fischer has attempted to collect said judgment, but Debtor has avoided payment of the monies by transferring the income he would have earned for his professional services as an orthopedic surgeon to Wife, through the use of the corporate defendants, DHBI and NCOI, effectively rendering himself "judgment proof."

On June 4, 2001, Fischer filed a petition in St. Louis County alleging a civil conspiracy to engage in a fraudulent conveyance and civil conspiracy to tortiously interfere with his judgment lien. Following a bench trial in equity, the trial court found that there was no proof of a transfer made directly by Debtor and that the lack of proof defeated liability under MUFTA. In its judgment of May 3, 2003, the trial court also sustained Debtor's objection that Fischer failed to properly plead that he was seeking to pierce the corporate veil of DHBI and NCOI, and held that Fischer failed to sufficiently demonstrate by the facts adduced at trial that DHBI or NCOI were the alter egos of Debtor. Fischer then filed a motion for reconsideration and to amend the judgment. The trial court denied both motions.

Fischer filed an appeal, arguing in his sole point that the trial court erred in holding that he had failed to prove a fraudulent transfer by Debtor, and that this failure defeated liability under MUFTA. This court agreed. We held that because Fischer sufficiently pleaded and tried his cause of action for conspiracy to engage in a fraudulent conveyance under MUFTA, he was entitled to the relief it provides, regardless of whether he pleaded piercing the corporate veil or alter ego as separate causes of action. *Brancato*, 147 S.W.3d at 800. Moreover, it was not necessary to hold the other defendants liable for Debtor's debt in order to void the transfers of Debtor's income to DHBI, NCOI and/or Wife such that Fischer could be permitted to collect his judgment. *Id.* The opinion concluded that:

> It is absolutely apparent from Creditor's petition, which was supported by overwhelming evidence at trial, that Debtor and Wife conspired to fraudulently convey, through the use of the corporate defendants DHBI and NCOI, the income Debtor would have received for his

---

1. This court has reviewed the Motion taken with the case. Respondent's Motion to Dismiss Appeal or, Alternatively, to Expedite Appeal and Require Appellants to Post a Sufficient Supersedeas Bond is denied.

2. All statutory references are to RSMo. 2004, unless otherwise indicated.

professional services as an orthopedic surgeon. Debtor did this "with an intent to hinder, delay and defraud" [Fischer] of his obligations under the February 1996 judgment. As such, all of the income Debtor would have earned for his professional services as an orthopedic surgeon in his medical practice since [Fischer] obtained the February 2, 1996 judgment, which we find was fraudulently conveyed to Wife, DHBI and/or NCOI, shall be retransferred back to Debtor personally such that [Fischer] is able to collect his judgment from that income.

The case was reversed and remanded for further proceedings consistent with the opinion.

On February 11, 2005, the trial court entered an amended judgment as follows:

1. Per Section 428.039.1(1), Wife, [DHBI], a Missouri corporation, and [NCOI], a Missouri corporation, shall herein retransfer back to Defendant, [Debtor], personally, all income earned from performance of his professional services in his medical practice as an orthopedic surgeon since February 2, 1996, in amounts adequate for Plaintiff, [Fischer], to collect from these monies a sufficient sum from which to satisfy in full his Judgment entered in his favor and against [Debtor], in the amount of $165,525.64, together with all post-Judgment interest accrued on said Judgment as allowed by law;

2. Per Section 428.039.1(2), Plaintiff [Fischer] may attach or levy execution against any asset of [Debtor's] transferred or the proceeds of that asset of Defendants, Wife, [DHBI] and [NCOI] jointly and severally, in order to satisfy in full the Judgment in favor of [Fischer] and against [Debtor] in the amount of $165,525.64, together with all post-Judgment interest accrued on said Judgment as allowed by law;

3. Per Section 428.039.1(3)(a), Defendants Wife, [DHBI] and [NCOI] are enjoined from further disposition of any asset transferred or of any other property of Defendants until said Judgment in favor of Plaintiff [Fischer] and against Defendant [Debtor] in the amount of $165,525.64, together with all post-Judgment interest accrued on said Judgment as allowed by law, is satisfied in full;

4. Per Section 428.039.1(3)(c), the [c]ourt grants any other relief the circumstances may require to enable the Judgment in favor of Plaintiff [Fischer] and against Defendant [Debtor] in the amount of $165,525.64, together with all post-Judgment interest accrued on said Judgment as allowed by law, to be satisfied in full.

Debtor now appeals the trial court's amended judgment, claiming that the trial court erred in entering its amended judgment because it was a general judgment and not in accordance with the appellate opinion. In his sole point relied on, Debtor asserts that since Fischer had not pleaded "piercing the corporate veil", that our opinion limited Fischer's recovery to an order retransferring the income received by Debtor and fraudulently conveyed to DHBI, NCOI and/or Wife. Debtor claims that the trial court's judgment on remand expanded the holding of this court.

### Standard of Review

A trial court must render judgment in accordance with the mandate of the appellate court. *Ironite Products Co., Inc. v. Samuels,* 17 S.W.3d 566, 570 (Mo.

App. E.D.2000). However, the mandate is not to be read and applied in a vacuum. *Id.* The appellate court's opinion is part of the mandate and must be used in interpreting the mandate. *Id.* Accordingly, proceedings on remand should be in accordance with the mandate and the result contemplated in the appellate court's opinion. *Id.*

The law of the case doctrine governs successive appeals involving the same issues and facts. *Id.* at 571. Under this doctrine, the appellate decision becomes the law of the case in a subsequent proceeding in the same cause and precludes re-examination of issues decided in the original appeal. *Id.* This rule applies to matters decided by the appellate court's opinion, either directly or by implication. *Id.*

The mandate of the appellate court is not its judgment. *Lombardo v. Lombardo,* 120 S.W.3d 232, 243 (Mo.App. W.D.2003). The appellate court's opinion is its judgment, which is communicated to the lower court by its mandate. *Id.* In other words, the mandate constitutes the official communication of the appellate judgment to the subordinate court. *Id.* When the terms of mandate remand the cause to the subordinate tribunal, the effect is to revest jurisdiction in that court to take the acts directed. *Id.*

It is well settled that a trial court, on remand, with respect to the issues addressed by the appellate court on appeal, has only that authority granted to it by the appellate court in its mandate. *Id.* In determining its authority on remand, the trial court is not only to be guided by the mandate, but by the judgment or opinion of the appellate court. *Id.*

### Discussion

Debtor alleges that since our previous opinion made clear that Fischer did not plead piercing the corporate veil, he could not obtain a general judgment against Wife, DHBI or NCOI, but could only obtain the relief of the retransfer of assets to Debtor. Further, Debtor claims that the amended judgment entered by the trial court did not comply with the appellate court's mandate.

In our earlier opinion we noted that the trial court had "reasoned as a matter of law that [Fischer] could not succeed in his cause of action because he failed to plead specifically the theory of piercing the corporate veil or alter ego." *Brancato,* 147 S.W.3d at 800. We disagreed with that finding and held that such pleadings were not necessary for the trial court to grant Fischer relief under MUFTA. *Id.* We further stated that, "[b]ecause Creditor sufficiently pleaded and tried his cause of action for conspiracy to engage in a fraudulent conveyance under MUFTA, he is entitled to the relief it provides, regardless of whether he pleaded piercing the corporate veil or alter ego as separate causes of action." *Id.* We also held that it was not necessary to hold the other defendants liable for Debtor's debt in order to void the transfers of Debtor's income to DHBI, NCOI and/or Wife such that Fischer could be permitted to collect his judgment. *Id.* Finally, we held that it was absolutely apparent from Fischer's petition, which was supported by overwhelming evidence at trial, that Debtor and Wife conspired to fraudulently convey, through the use of the corporate defendants DHBI and NCOI, the income Debtor would have received for his professional services as an orthopedic surgeon. *Id.* Debtor did this "with an intent to hinder, delay and defraud" Fischer of his obligations under the February 1996 judgment. *Id.*

In support of his argument that the trial court was limited to ordering a retransfer

of assets, Debtor relies upon the specific language at the end of our opinion, which states, "all of the income Debtor would have earned for his professional services as an orthopedic surgeon in his medical practice since [Fischer] obtained the February 2, 1996 judgment, which we find was fraudulently conveyed to Wife, DHBI and/or NCOI, shall be retransferred back to Debtor personally such that [Fischer] is able to collect his judgment from that income." *Brancato*, 147 S.W.3d at 801. Citing this language, Debtor argues that the trial court impermissibly attached a judgment lien on other property of Debtor, Wife, DHBI and NCOI beyond what we mandated. However, Debtor ignores the portion of the opinion which stated that Fischer is entitled to the relief provided by MUFTA. *Id.* at 800.

Section 428.039.1 of MUFTA provides the following remedies to creditors seeking relief:

(1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;

(2) An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by applicable laws of this state;

(3) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure;

(a) An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;

(b) Appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or

(c) Any other relief the circumstances may require.

2. If a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds.

Since our earlier opinion held that Fischer was entitled to the relief provided under MUFTA notwithstanding his failure to plead piercing the corporate veil, we cannot say that the trial court's judgment was overbroad or in any way expanded our holding. Accordingly, we affirm the judgment of the trial court.

ROBERT G. DOWD, JR. and SHERRI B. SULLIVAN, JJ., concur.