**CORNERSTONE MORTGAGE, INC., Plaintiff/Respondent/Cross–Appellant,**

v.

**Kurt W. PONZAR, Defendant/Appellant,**

and

**Sandra L. Ponzar, Defendant/Appellant/Cross–Respondent.**

**No. ED 93337.**

Missouri Court of Appeals, Eastern District, Division Three.

June 22, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 2010.

Application for Transfer Denied Sept. 21, 2010.

unless otherwise indicated.

Kurt W. Ponzar, Weldon Spring, acting pro se, Defendant/Appellant.

Sandra L. Ponzar, Weldon Spring, MO, acting pro se, Defendant/Appellant/Cross–Respondent.

Polsinellie Shugart, P.C., Ryan J. Mason, St. Louis, MO, attorney for Cornerstone Mortgage, Inc., Resp/Cross–Appellant.

## OPINION

MARY K. HOFF, Judge.

Kurt W. Ponzar (Mr. Ponzar) and Sandra L. Ponzar (Mrs. Ponzar) (collectively the Ponzars) appeal from the judgment

entered in favor of Cornerstone Mortgage, Inc. (Cornerstone). The Ponzars raise nine points on appeal. We summarily deny these points finding that an opinion reciting the detailed facts and restating the principles of law would have no precedential value. Rule 84.16(b). The parties have been provided with a memorandum, for their information, setting forth the reasons for this decision. On cross-appeal, Cornerstone argues the trial court erred in failing to enter judgment against Mrs. Ponzar based on the verdict against her on unjust enrichment. · We agree with Cornerstone and set out our reasons in this separate, published opinion.

### Factual and Procedural History

This case involves a mortgage-refinance transaction between Cornerstone and the Ponzars. On July 24, 2006, Cornerstone filed a four-count petition against the Ponzars alleging declaratory judgment (Count I); unjust enrichment (Count II); imposition of an equitable lien (Count III) and; judicial foreclosure (Count IV).

On December 21, 2006, the trial court entered summary judgment in favor of Cornerstone and against the Ponzars. On January 8, 2007, the Ponzars filed a document entitled "Motion for Leave to File Ommitted (sic) Counterclaim."

On January 18, 2007, the trial court entered an amended summary judgment in favor of Cornerstone and against the Ponzars for $491,894.96, among other damages. The amended summary judgment also granted Cornerstone a lien on the property and provided that Cornerstone could have execution on that lien within thirty days. In its findings of fact and conclusions of law, entered on March 2, 2007, in support of its amended summary judgment, the trial court also denied the Ponzars leave to file their counterclaims, which were first raised after the entry of

summary judgment. Following the denial of their motion for new trial, the Ponzars filed their first notice of appeal on March 14, 2007.

On May 27, 2008, this court entered *Cornerstone I*, which found that Mrs. Ponzar was not liable for damages under the Note, the Ponzars were not liable for interest under TILA, the Ponzars were not liable for attorneys' fees under TILA, the trial court was correct in denying the Ponzars leave to assert their counterclaims, and the Ponzars' offer to obtain a new loan from Cornerstone did not constitute a valid tender under TILA. *Cornerstone Mortg., Inc.*, 254 S.W.3d 221, 225–33 (Mo.App. E.D.2008). The court in *Cornerstone I* also "determined that the Ponzars had met the conditions for rescission," it "remanded [the case] to the trial court to enforce the Ponzars' obligation to tender pursuant to Section 1635(b)," and "[i]n all other respects, the judgment [was] affirmed." *Id.* at 234.

On July 2, 2008, Cornerstone filed its motion and application for enforcement of judgment and writ of execution to encourage the trial court to comply with the rulings of *Cornerstone I*. The Ponzars filed their suggestions in opposition to Cornerstone's motion and, subsequently, the case, upon Mr. Ponzar's request, proceeded to a jury trial. The jury returned a unanimous verdict in favor of Cornerstone and against the Ponzars.

On June 11, 2009, the trial court entered its judgment as follows: as to Count I, in favor of Cornerstone and against Mr. Ponzar in the amount of $491,894.96, as well as a lien in favor of Cornerstone on both Mr. Ponzar's interest and Mrs. Ponzar's interest in the property; as to Count II, in favor of Cornerstone and against Mr. Ponzar in the amount of $491,894.96; and, as

to Count III, a lien in favor of Cornerstone on Mr. Ponzar's interest in the property.[1]

Following the denial of after-trial motions, the Ponzars filed their notice of appeal on July 17, 2009. On July 22, 2009, Cornerstone filed its notice of appeal. On July 31, 2009, the two appeals were consolidated. The Ponzars did not post an appeal bond staying execution during the pendency of appeal.

Meanwhile, Cornerstone filed an execution and the sheriff immediately levied on the property and began advertising a sheriff's sale. The Ponzars filed a petition for writ of prohibition to stop the sheriff's sale. On August 6, 2009, a preliminary writ of prohibition was entered precluding Cornerstone from taking any further action in this matter until further order. On August 7, 2009, the Sheriff of St. Charles County was ordered to refrain from all action with regard to this case. On September 21, 2009, this court consolidated the petition for writ of prohibition into this appeal.

### Standard of Review

■ The standard of review of a judge-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Missouri Land Dev. Specialties, LLC v. Concord Excavating Co., L.L.C.*, 269 S.W.3d 489, 496 (Mo.App. E.D.2008). We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* In reviewing the sufficiency of the evidence to support the judgment, we view the evidence in the light most favorable to the judgment disregarding all evidence and inferences to the contrary. *Id.* We defer to the trial court's findings of facts because of its superior ability to assess the credibility of witnesses. *Id.* We review questions of law *de novo. Id.*

### Cross–Appeal: Unjust Enrichment Against Mrs. Ponzar

■ On cross-appeal, Cornerstone argues the trial court erred in failing to enter judgment on the verdict against Mrs. Ponzar on Count II for unjust enrichment and in denying Cornerstone's motion to vacate, reopen, correct, amend, or modify, the judgment on Count II because the count was properly before the trial court and because the jury's verdict was based on substantial evidence. We agree.

Prior to trial, the trial court requested that the parties brief the issue of which counts remained to be tried after the remand from *Cornerstone I*. After reviewing the briefs of the parties, the trial court issued its pre-trial order indicating that "Counts I & II remain as to both defendants." The trial court allowed Cornerstone's Count II for unjust enrichment to be tried by the jury as to both Mr. Ponzar and Mrs. Ponzar.

After deliberating for less than an hour, the jury reached a unanimous verdict against both of the Ponzars in the amount of $491,894.96. However, the trial court entered its judgment on Count II against only Mr. Ponzar. The court declined to enter a judgment on the verdict against Mrs. Ponzar stating, "upon further consideration the Court finds that a money judgment against [Mrs. Ponzar] would be inconsistent with [*Cornerstone I* ]."

Cornerstone's point on appeal involves the doctrine of "law of the case" and how it was applied by the trial court with respect

---

**1.** Count IV for judicial foreclosure was abandoned by Cornerstone prior to trial and was dismissed by the trial court.

to the verdict against Mrs. Ponzar on Count II.[2]

■■■ The doctrine of law of the case provides that a previous holding in a case constitutes the law of the case and precludes relitigation of the issue on remand and subsequent appeal. *Walton*, 223 S.W.3d at 128–29. The doctrine governs successive adjudications involving the same issues and facts. *Id.* at 129. Generally, the decision of a court is the law of the case for all points presented and decided, as well as for matters that arose prior to the first adjudication and might have been raised but were not. *Id.* The doctrine insures uniformity of decisions, protects the parties' expectations, and promotes judicial economy. *Id.*

Here, a judgment on Count II is consistent with *Cornerstone I* because Mrs. Ponzar's liability would not be liability on the Note; rather, it would result from the unjust enrichment action because Mrs. Ponzar knowingly, willingly and unjustly realized a substantial benefit when Cornerstone paid off the Countrywide Loan on which she was an obligor. Accordingly, the trial court erred in denying Cornerstone's motion to vacate, reopen, correct, amend, or modify the judgment on Count II and in failing to enter a judgment on the verdict against Mrs. Ponzar. Point granted.

### Conclusion

Since no issues on appeal were raised regarding the consolidated writ of prohibition, the preliminary order of prohibition is hereby quashed. Pursuant to Rule 84.14, we modify the judgment of $491,894.96 to be entered against Mr. and Mrs. Ponzar

jointly and severally. The trial court's judgment is affirmed in all other respects.

GLENN A. NORTON, Presiding Judge and LAWRENCE E. MOONEY, Judge, Concur.

---

**2.** Despite the Ponzars' argument to the contrary, we note that because Count II was not previously appealed, it was never before this court or ruled on by this court and, thus, remained before the trial court.