**Joann Leah BRYANT,
Respondent/Cross–
Appellant,**

**v.**

**Robert Julius BRYANT, Appellant.**

**No. ED 94773.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 19, 2011.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 29, 2011.

Application for Transfer Denied
Dec. 6, 2011.

---

Terry J. Flanagan, St. Louis, MO, for appellant.

Lawrence G. Gillespie, Clayton, MO, for respondent/cross-appellant.

GEORGE W. DRAPER III, Judge.

In this consolidated appeal, Robert Bryant (hereinafter, "Husband") appeals from the trial court's judgment entered on his motion to modify his maintenance obligation to Joann Bryant (hereinafter, "Wife"). Husband raises six points on appeal challenging, *inter alia*, the trial court's expansion of this Court's mandate on remand and whether the trial court properly ordered him to pay a portion of Wife's attorney's fees. Wife cross-appeals, arguing the trial court erroneously reduced the amount of maintenance Hus-

band should pay because he did not demonstrate a substantial change in circumstances to justify the reduction. We affirm.

This Court has exhaustively chronicled the protracted litigation that has entangled these parties, resulting in three previous appeals. *See Bryant v. Bryant,* 103 S.W.3d 803 (Mo.App. E.D.2003) (hereinafter, *"Bryant I"); Bryant v. Bryant,* 218 S.W.3d 565 (Mo.App. E.D.2007) (hereinafter, *"Bryant II"*); and *Bryant v. Bryant,* 268 S.W.3d 449 (Mo.App. E.D.2008) (hereinafter, *"Bryant III"*). We will draw liberally from those opinions for this recitation of the facts and an outline of the procedural history.

The parties' marriage was dissolved on November 26, 2001. The pertinent issues to this appeal from the parties' dissolution judgment are maintenance, custody of the two minor children, and child support. The trial court ordered Husband to pay Wife $2,000 per month in maintenance. The trial court awarded Wife and Husband joint legal custody, with Wife having sole physical custody of two minor children, and ordered Husband to pay Wife child support in the amount of $1,001 per month for the two minor children and $685 per month for one child. Husband was ordered to pay $3,000 in attorney's fees for Wife. Husband appealed from the original dissolution judgment, which this Court affirmed in *Bryant I.*

On June 10, 2004, Husband filed a motion to modify the terms of the dissolution judgment. Husband asserted he should be awarded custody of the remaining minor child, and accordingly, Wife should pay him child support. Husband also sought termination of his maintenance obligation because, *inter alia,* Wife had undertaken additional financial responsibility including the care, custody, and control of foster children. The trial court held a hearing on the matter, at which time Wife requested an award of $12,000 in attorney's fees.

The trial court determined Husband's monthly gross income to be $12,100 with approximately $10,658 in monthly expenses. The trial court found Wife's monthly gross income was at least $4,060 per month, including $1,100 per month from her foster care contract, which consisted of two different payments: (1) $150 per week or $650 per month for agreeing to provide emergency foster care placement; and (2) an additional per diem payment that varied depending on the age and number of children in her care. The trial court found Wife's monthly expenses were approximately $3,250 per month. The trial court entered its judgment terminating Husband's maintenance obligation finding: (1) Husband's reasonable expenses exceeded his monthly income, and as such, Husband could not meet his reasonable needs and pay maintenance; and (2) Wife had sufficient financial resources and property with which to meet her reasonable needs. The trial court awarded Husband custody of the remaining minor child, ordered Wife to pay $363 per month in child support retroactive to July 1, 2004, and ordered each party to pay their respective attorney's fees.

Wife appealed the modification judgment, challenging the trial court's findings with respect to her income from her foster care contract, the amount of rent she received from a roommate, the child support calculation in light of these other issues, and the failure of the trial court to award her attorney's fees. Our Court affirmed in part, and reversed and remanded in part. *See Bryant II.* We considered Wife's monthly gross income to be $4,060 since this was the amount listed on the Form 14. However, we considered that amount "for purposes of appeal only" because had the trial court included all sources of income

presented by Wife, that amount would be $4,800. After determining the trial court erred by including the per diem foster care payments Wife received for children actually in her care, we reversed and remanded the case for further proceedings. We instructed the trial court to reexamine whether it should terminate Husband's maintenance obligation in light of the reduction in Wife's financial resources, which necessitated the recalculation of Wife's child support obligation. The trial court was ordered to reconsider the issue of attorney's fees because it was premised upon an incorrect assessment of Wife's financial resources. Finally, the trial court was directed to resolve the discrepancy between the Form 14 and its previous judgment when determining Wife's monthly gross income.

On remand, the trial court received no additional evidence and found Wife's monthly gross income was approximately $3,680, which included $650 per month for providing emergency foster care placement services. After recalculating Wife's income, the trial court reaffirmed its termination of Husband's maintenance obligation and denied Wife's request for attorney's fees.

Wife appealed and this Court reversed and remanded the cause a second time. *See Bryant III.* We found there was no evidence in the record to support the trial court's determination that Wife received $650 per month for providing emergency foster care placement services. Rather, Wife's testimony revealed she received $150 per month for agreeing to provide these services one week per month. Hence, the remand included instructions for the trial court to receive additional evidence on the amount of money Wife received for emergency foster care placement services, any income she derived from her roommate, and to reexamine the

attorney's fee issue for the same reasons set forth in *Bryant II.*

The trial court held a hearing on remand, which is the subject of the instant appeal. Wife and Husband both produced copious financial documentation and testimony with respect to maintenance and ostensibly, the parties' respective ability to pay attorney's fees. The trial court determined Wife's monthly gross income in 2005 was $3,200 and her monthly expenses were $4,125. The trial court reexamined Husband's monthly gross income in 2005 and determined it was $19,975 per month, with his reasonable expenses totaling $6,760 per month. The trial court indicated it would use these figures to determine whether Wife had a need for maintenance and whether Husband had the ability to pay maintenance. The trial court found Wife could not meet her reasonable needs without maintenance while Husband could meet his reasonable needs and still pay Wife maintenance.

The trial court ordered Husband to pay Wife $1,250 per month maintenance retroactive to the date of the modification judgment, which was October 1, 2005. A new Form 14 was prepared. Wife was ordered to pay $358 per month to Husband for child support, retroactive to July 1, 2004, the date Husband filed the motion to modify. Finally, the trial court found Wife incurred reasonable attorney's fees since Husband filed his motion to modify in the amount of $58,300 and did not have the income or resources to pay her fees. The trial court ordered Husband to pay $50,000 toward those fees. Husband now appeals, raising six points of error, and Wife cross-appeals, raising one point of error.

■ Three of Husband's points allege the trial court exceeded the scope of this Court's mandate in *Bryant III* and disregarded the law of the case on remand. We will address these points first for the

sake of clarity. In his first point, Husband argues the trial court erred in finding Wife's monthly expenses totaled $4,125 when the trial court found Wife's monthly expenses were $3,250 in 2005. Husband claims the only dispute regarding Wife's expenses was the contribution made by Wife's roommate. Thus, Husband claims the trial court exceeded the scope of the mandate by entering a revised finding, which was also against the weight of the evidence.

■■■■ An appellate court's mandate defines the scope of the trial court's authority on remand. *Guidry v. Charter Communications, Inc.*, 308 S.W.3d 765, 768 (Mo.App. E.D.2010). "The mandate serves the purpose of communicating the judgment to the lower court, and the opinion, which is a part thereof, serves an interpretive function." *Pope v. Ray*, 298 S.W.3d 53, 57 (Mo.App. W.D.2009)(*quoting Durwood v. Dubinsky*, 361 S.W.2d 779, 783 (Mo.1962)). The mandate is not to be read and applied in a vacuum. *Fischer v. Brancato*, 174 S.W.3d 82, 86 (Mo.App. E.D. 2005). When determining its authority on remand, the trial court should be guided by the mandate, but also by the opinion and result contemplated by the appellate court. *Id.*

■■■■ "There are two types of remands: (1) a general remand, which does not provide specific direction and leaves all issues open to consideration in the new trial; and (2) a remand with directions, which requires the trial court to enter a judgment in conformity with the mandate." *Guidry*, 308 S.W.3d at 768. If the mandate has left specific instructions for the trial court, "it is duty-bound to render a judgment that strictly conforms to the mandate" and it lacks the authority to "modify, alter, amend or otherwise depart from those directions." *Pope*, 298 S.W.3d at 57. Any trial court proceeding that is

contrary to the mandate's directions is considered unauthorized rendering the judgment null and void. *Id.*; *Guidry*, 308 S.W.3d at 769.

This Court's mandate in *Bryant III* stated:

> The cause is remanded to the trial court with instructions to receive additional evidence on the amount of money Wife receives for providing emergency placement services, and to redetermine Wife's monthly gross income in light of this evidence. There was also testimony in *Bryant II* concerning the amount of Wife's expenses that would be shared by [Wife's roommate]. On remand, the trial court should also receive evidence concerning the amount of money contributed by [the roommate], and the effect that contribution should have on Wife's monthly expenses.
>
> After receiving this evidence, the trial court is directed to redetermine on remand *whether Wife's maintenance obligation should be modified or terminated in light of any changes in its assessment of Wife's financial resources.*

*Bryant III*, 268 S.W.3d at 452. (Emphasis added).

It is clear from our remand that the trial court was directed to reexamine the specific issue of Wife's income from providing emergency placement services and the contribution of Wife's roommate. However, we also directed the trial court to determine whether the obligation should be modified or terminated "in light of *any* changes in its assessment of Wife's financial resources." At the remand hearing, the trial court followed our mandate by hearing testimony from Wife regarding her financial resources. Wife stated her roommate did not contribute to her expenses because she did not live with her for longer than a few months, and clarified

the amount of money she received from providing emergency placement services. Wife also testified about how her expenses had decreased since the time of the dissolution trial. Further, Wife filed a statement of income and expenses, which demonstrated she had approximately $4,100 in monthly expenses. The trial court did not exceed the scope of our mandate on remand by hearing this evidence and issuing a revised finding. Husband's first point is denied.

■ In his second point, Husband argues the trial court erred in altering his monthly gross income amount when determining his ability to contribute to Wife's reasonable needs. Husband argues the trial court exceeded the scope of the mandate by hearing this evidence. Additionally, Husband claims because his income was determined previously in 2005 to be $12,100 per month and never challenged by Wife on appeal, the trial court's finding violates the law of the case.

■ The doctrine of "law of the case" provides that a previous holding in a case constitutes the law of the case and precludes relitigation of the issue on remand and any subsequent appeal. *Walton v. City of Berkeley,* 223 S.W.3d 126, 128–29 (Mo. banc 2007). The doctrine governs successive adjudications involving the same issues and facts. *Fischer,* 174 S.W.3d at 86. Generally, the decision of a court is the law of the case for all points presented and decided, as well as for matters that arose prior to the first adjudication and might have been raised but were not. *Cornerstone Mortg., Inc. v. Ponzar,* 318 S.W.3d 250, 254 (Mo.App. E.D.2010). The doctrine insures uniformity of decisions, protects the parties' expectations, and promotes judicial economy. *Walton,* 223 S.W.3d at 129.

Husband correctly asserts Wife did not challenge the amount of his monthly gross income in any of her prior appeals. However, the trial court's original modification judgment determined Husband did not have the ability to pay maintenance because his income was insufficient to meet his reasonable needs. As stated previously, this Court's mandate required the trial court to reassess Wife's financial resources to determine whether Husband's maintenance obligation should be modified or terminated. Once the trial court determined Wife could not meet her reasonable needs, the trial court is bound to apply the factors of Section 452.335.3 RSMo (2000)[1] "so as to balance the reasonable needs of the spouse seeking maintenance against the ability of the other spouse to pay." *Manning v. Manning,* 292 S.W.3d 459, 466 (Mo.App. E.D.2009)(*quoting Garrison v. Garrison,* 255 S.W.3d 37, 41 (Mo.App. W.D.2008)). Accordingly, the trial court, by necessity, had to examine Husband's ability to pay maintenance when making its determination on remand. Thus, the trial court properly evaluated Husband's monthly gross income based upon the 2005 W–2 Husband submitted at trial on remand.

We recognize the thrust of Husband's argument focuses on the trial court's conclusion that his income increased from its original finding of $12,100 per month to $19,975 per month. Even assuming *arguendo* this finding was in violation of the law of the case, Husband had the burden to demonstrate not only error, but also prejudice to obtain relief on appeal. *Atchley v. Atchley,* 334 S.W.3d 709, 716 (Mo. App. E.D.2011). The original dissolution judgment awarded Wife $2,000 in monthly maintenance based in part on Husband's lesser income amount. On this final re-

1. All statutory references are to RSMo (2000) unless otherwise indicated.

mand, the trial court awarded Wife $1,250 in monthly maintenance while taking into consideration Husband's increased income. We fail to see how Husband was prejudiced by the trial court's finding with respect to an increase in Husband's income as it pertains to the decreased maintenance award. Husband's second point is denied.

In his fifth point, Husband avers the trial court erred in recalculating Wife's child support obligation because the adjusted monthly gross income for each party was improper as raised in Husband's previous two points. In light of our holding on the previous two points, this point must similarly fail. Husband's fifth point is denied.

 In his third point, Husband argues the trial court erred in ordering him to pay Wife $1,250 per month in modifiable maintenance because the award exceeded her reasonable needs and violated Section 452.335. Wife's cross-appeal concerns related issues, specifically claiming the trial court erred in reducing Husband's maintenance payment from $2,000 per month to $1,250 because Husband did not demonstrate a substantial change in circumstances to justify the modification and the judgment was not based upon substantial evidence in the record. We will address these points together.

 Section 452.335.3 provides in pertinent part: "[T]he court may order the maintenance decreased, increased, terminated, extended, or otherwise modified based upon a substantial and continuing change of circumstances which occurred prior to the termination date of the original order." Accordingly, "[t]o justify a modification of maintenance, the movant must demonstrate a change of circumstances so substantial and continuing as to make the terms of the original decree of dissolution unreasonable." *C.K. v. B.K.*,

325 S.W.3d 431, 434 (Mo.App. E.D.2010); Section 452.370.1. As the party seeking modification, Husband bears the burden of proving the changed circumstances. *C.K.*, *supra.* "We will not reverse the trial court's award of maintenance absent an abuse of discretion." *Id.* (*quoting Brooks v. Brooks*, 957 S.W.2d 783, 786 (Mo.App. W.D.1997)).

In determining whether a substantial change in circumstances has occurred, the court "shall consider all the financial resources of both parties...." Section 452.370.1. When examining the financial resources of the parties, Husband demonstrated a substantial change in circumstances to justify a modification. Specifically, Husband sought a change of custody of the minor child who lived near him while attending college, which would terminate his child support obligation and obligate Wife to pay him support. Moreover, Husband had a good faith belief at the time he filed for modification that Wife was receiving significant additional income by providing emergency foster care placement which would have justified a termination of his maintenance obligation. While we recognize Husband's belief about Wife's additional income was erroneous after several years of protracted litigation, Wife presented evidence that she has reduced her expenses by $886 per month since the time of the dissolution which could also support a substantial change in circumstances.

 Next, we turn to whether Wife presented sufficient evidence of her reasonable needs and expenses to justify an award of maintenance and whether the amount awarded was supported by substantial evidence. The substantial evidence in the record demonstrates Wife's monthly income is $3,200 while her monthly expenses are $4,125. This results in a short-

fall of $925 per month to meet Wife's reasonable needs. After adducing all of the evidence, the trial court modified Husband's original maintenance obligation of $2,000 per month to $1,250 per month. As a result, Wife will receive $325 per month beyond her reasonable needs. Husband argues this amount allows Wife to accumulate capital rather than provide for her reasonable needs.

"An exact mathematical correlation between the reasonable needs of the requesting party and the amount of maintenance ordered is not required." *In re Marriage of Ross*, 231 S.W.3d 877, 886 (Mo.App. S.D.2007). "A trial court, in calculating and awarding maintenance, may allow a reasonable amount above the itemized expenses of the party seeking maintenance to meet unexpected day-to-day expenses which, given their nature, may be reasonable under the circumstances, yet are incapable of specific itemization." *Childers v. Childers*, 26 S.W.3d 851, 856 (Mo.App. W.D.2000). This does not mean the trial court has unfettered discretion to award any maintenance amount since maintenance awards are to be limited to the "demonstrable needs of the party receiving support and not to provide an accumulation of capital". *Muenz v. Muenz*, 99 S.W.3d 4, 8 (Mo.App. E.D.2002) (*quoting Brooks*, 957 S.W.2d at 792). "Thus, an award of maintenance in an amount that substantially exceeds the amount of the monthly needs of the spouse seeking maintenance is not supported by substantial evidence and is an abuse of the trial court's discretion." *Ross, supra.*

In *Childers*, the Western District affirmed a maintenance award of $400 per month when the wife incurred a deficiency of only $200 per month to meet her reasonable needs. *Childers*, 26 S.W.3d at 857. Likewise, the Western District implicitly affirmed a maintenance award that included day-to-day contingency expenses that exceeded the wife's reasonable needs by approximately thirteen percent in *Cohen v. Cohen*, 73 S.W.3d 39, 52 (Mo.App. W.D. 2002). While the Court found the husband waived this argument for purposes of appeal, it cited the holding in *Childers* in a footnote recognizing the trial court's authority to award these expenses.[2]

Here, the trial court's award of $1,250 in maintenance exceeded Wife's reasonable needs by merely twenty-six percent, well within the range of what was affirmed as within the trial court's discretion in *Childers* and *Cohen*. Compare, *Ross*, 231 S.W.3d at 886 (reversing maintenance award of $1,200 per month because it substantially exceeded wife's reasonable needs of $355 per month by 338 percent); and *Heins v. Heins*, 783 S.W.2d 481, 483 (Mo. App. W.D.1990)(reversing a combined maintenance and child support award of $800 per month when it exceeded wife's reasonable needs of $503 per month by approximately thirty-seven percent). Thus, we cannot say the trial court abused its discretion in entering the $1,250 maintenance award because it did not substantially exceed Wife's monthly reasonable needs. Hence, Wife's cross-appeal and Husband's third point are denied.

In his fourth point, Husband claims the trial court abused its discretion in limiting the retroactivity of the maintenance obligation to October 2005 because it creates an inconsistency within the judgment when compared to Wife's child sup-

---

**2.** While this part of the wife's maintenance award was upheld implicitly, the maintenance award as a whole was reversed and remanded due to the improper inclusion of charitable donations, child-related expenses, and other household expenses as part of the wife's reasonable needs. *Cohen*, 73 S.W.3d at 52.

port obligation made retroactive to July 2004. The trial court stated it based the maintenance retroactivity date on the date of the modification judgment in October 2005. We reiterate Husband has the burden to demonstrate not only error, but also prejudice to obtain relief on appeal. *Atchley*, 334 S.W.3d at 716. Husband has failed to demonstrate how he suffers any prejudice by this alleged inconsistency in that the award effectively reduces his maintenance obligation sixteen months beyond Wife's obligation to pay him child support. Husband's fourth point is denied.

 In his sixth and final point, Husband challenges the trial court's judgment ordering him to pay $50,000 to Wife for her attorney's fees. Husband believes the award was excessive, Wife possessed sufficient assets to pay her own fees, and much of the fees were incurred as a result of trial court errors on remand.

 As a general matter, parties to a domestic relations case are responsible for paying their own attorneys' fees. *In re Marriage of Brown*, 310 S.W.3d 754, 758 (Mo.App. E.D.2010). A trial court may, however, award attorney's fees pursuant to Section 452.355.1 after considering "all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action." "The party requesting an award of attorney fees in a dissolution action has the burden of proving his or her entitlement to such an award." *Davis v. Schmidt*, 210 S.W.3d 494, 512 (Mo.App. W.D.2007). We presume an award of attorney's fees to be correct, and Husband has the burden to prove otherwise on appeal. *Brown*, 310 S.W.3d at 759. We review the trial court's decision to award attorney's fees for an abuse of discretion. *Russell v. Russell*, 210 S.W.3d 191, 199 (Mo. banc 2007). An abuse of discretion occurs where the trial court's award was so arbitrary and unreasonable and against the logic of the circumstances as to shock the sense of justice and indicate that the trial court did not carefully consider its decision. *Ethridge v. Ethridge*, 239 S.W.3d 676, 684 (Mo.App. E.D.2007).

The trial court received a copious amount of evidence on remand regarding the parties' financial resources and the ability to pay attorney's fees. Wife also submitted detailed fee statements which indicated her outstanding balance at the time of remand was in excess of $50,000. After considering the financial conditions of the parties and all other relevant factors, the trial court determined Wife did not have the income or resources to pay her fees that were incurred during this litigation, while Husband did.

 "While a spouse's inability to pay is not required to support an award of attorney's fees, the award must consider the financial position of each spouse." *Mitalovich v. Toomey*, 206 S.W.3d 361, 368 (Mo.App. E.D.2006). Here, there was evidence presented throughout the duration of this litigation of a significant discrepancy in the amount of income Husband earned and the amount Wife earned, and the resources available to each party. Thus, due to Husband's considerably higher income, he has a greater ability to pay attorneys' fees. *See Russell*, 210 S.W.3d at 199. "However, the fact that one party earns more than the other, standing alone, does not compel an award of attorney fees." *Groenings v. Groenings*, 277 S.W.3d 270, 280 (Mo.App. E.D.2008) (*quoting Scott v. Scott*, 144 S.W.3d 921, 923 (Mo.App. S.D.2004)).

 Husband argues the award was excessive in that Wife presented evidence that she previously paid $15,000 in fees, leaving her with a balance of less than $35,000 at the time of the final re-

mand. The trial court is an expert in the area of attorney's fees and may fix an appropriate amount with or without the aid of evidence as to the actual fees incurred. *Downard v. Downard,* 292 S.W.3d 345, 350 (Mo.App. E.D.2009). Husband's assertion is not supported by the record. Wife offered Exhibits 18 and 19 into evidence to demonstrate she had an outstanding balance of $52,973.69 at the time of the hearing on remand. We note "the trial court is not limited to fees actually earned, but can award fees to be incurred." *Michel,* 142 S.W.3d at 928.

Finally, Husband argues he should not be penalized for "the repeated trial court errors that resulted in multiple appeals and remands" because it was not a result of his non-meritorious actions and he was the prevailing party. "[A] party's actions during the pendency of litigation may be considered in determining whether to make an award for attorney's fees, especially when those fees were the result of the other party's conduct." *In re Marriage of Cornella,* 335 S.W.3d 545, 557 (Mo.App. S.D.2011). While Husband prevailed in the trial court's initial ruling to terminate his maintenance award and change custody of their college-aged child, Wife prosecuted two successful appeals and is the prevailing party on the final remand and the instant appeal.

Thus, based on the foregoing, we cannot say the trial court abused its discretion in ordering Husband to pay $50,000 for Wife's attorney's fees after examining the record. Husband's sixth point is denied.

The trial court's judgment is affirmed.

GLENN A. NORTON, P.J., and KATHIANNE KNAUP CRANE, J., concur.