

# In the Missouri Court of Appeals
# Eastern District

## SOUTHERN DIVISION

| | | |
|---|---|---|
| PAUL L. PASTERNAK | ) | No. ED102319 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Francois County |
| vs. | ) | |
| | ) | Honorable Shawn R. McCarver |
| DENISE M. PASTERNAK, | ) | |
| | ) | |
| Respondent. | ) | Filed: November 24, 2015 |

## Introduction

Paul Pasternak (Father) appeals the trial court's judgment awarding Denise Pasternak (Mother) $12,500 in attorney's fees. In two points on appeal, Father claims that the trial court erred in ordering Father to pay Mother's attorney's fees because (1) the judgment was prohibited by § 452.377.13,[1] which precludes the award of attorney's fees against any party who objects in good faith to the relocation of the child's principal residence, and (2) the judgment was not supported by substantial evidence. We affirm.

## Factual Background

### 2013 Modification and Relocation Proceeding

Mother and Father previously divorced and shared custody of their children. In September 2012, Mother filed a motion to modify child custody seeking sole legal and physical

---

[1] All statutory references are to RSMo (2000).

custody of the children. Father objected to the motion. In May 2013, before a hearing on the motion to modify, Mother filed notice of proposed relocation, seeking to relocate the parties' children from Farmington, Missouri to Silva, Missouri, approximately 50 miles away. Father objected to the proposed relocation and filed a counter-motion to modify, also seeking sole legal and physical custody of the children. In August 2013, the trial court granted the relocation and gave Mother sole legal custody of the children. Mother and Father retained joint physical custody, but the court modified the custody schedule. Mother requested attorney's fees for these trial proceedings, which the trial court denied, noting Father's good faith objection to the relocation.

Father appealed the trial court's judgment regarding both relocation and custody (hereinafter, "2013 appeal"). After this Court's decision in August 2014, the case was transferred to the Missouri Supreme Court. The Supreme Court affirmed the trial court's judgment, concluding that substantial evidence supported relocation and modification of custody. *See Pasternak v. Pasternak*, 467 S.W.3d 264 (Mo. banc 2015).

*Motion for Attorney's Fees for 2013 Appeal*

In June 2014, Mother filed a motion requesting $23,750 in attorney's fees for the cost of the 2013 appeal.[2] The parties stipulated that their incomes, expenses, assets and liabilities were the same from the time of 2013 modification and relocation proceeding (hereinafter, "2013 modification proceeding"), and neither party presented any additional evidence. Mother's attorney testified that "probably a third of [the total bill] would go toward relocation, and the rest of it was just — was maybe a mix." The trial court suggested that Mother's attorney submit a bill identifying his hours devoted to relocation, but the attorney stated that because he did not

---

[2] Mother filed her motion for attorney's fees for the 2013 appeal on June 12, 2014, after Mother had submitted her brief to this Court for the 2013 appeal. Oral argument took place on June 24, 2014.

2

"necessarily identify what issues I [was] reviewing at any particular point," the one-third estimate was "as good as we're going to get."

After the hearing, the trial court awarded Mother $12,500 in attorney's fees for the appeal. In its judgment, the trial court noted that Father did not challenge relocation alone in the 2013 appeal, but also raised points concerning custody modification, including his request for sole legal and physical custody. The trial court also considered "all relevant factors, including but not limited to, the merits of all aspects of [Father's] case on appeal." Father appeals the award of attorney's fees.

## Standard of Review

We will reverse the trial court's award of attorney's fees only upon the showing of an abuse of discretion. *Aubuchon v. Hale*, 453 S.W.3d 318, 325 (Mo. App. E.D. 2014). "To demonstrate an abuse of discretion, the complaining party must prove that the award is clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Id.*

## Discussion

### Point I: § 452.377.13 Does Not Completely Bar an Award of Attorney's Fees

In his first point on appeal, Father argues that § 452.377.13 prohibits the trial court from ordering him to pay any portion of Mother's attorney's fees for the 2013 appeal because the trial court found that his objections to the relocation were in good faith. Mother counters that the statute does not apply to appeals or, in the alternative, that the trial court can segregate attorney's fees between relocation and non-relocation issues.

Generally, parties in domestic litigation are responsible for their own attorney's fees. *Bryant v. Bryant*, 351 S.W.3d 681, 691 (Mo. App. E.D. 2011). However, under § 452.355.1, a

3

court, "after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action," may order one party to pay a reasonable amount of the other party's attorney's fees. Section 452.377.13 provides an exception to § 452.355.1 and prohibits a trial court from ordering "[a]ny party who objects in good faith to the relocation of a child's principal residence . . . to pay the costs and attorney's fees of the party seeking to relocate."

Invoking § 452.377.13, Father contends that the trial court cannot order him to pay Mother's attorney's fees for the 2013 appeal because Mother was "the relocating party on appeal." Father maintains that because the trial court concluded that Father objected to the relocation in good faith in the 2013 modification proceeding, the court was prohibited from ordering him to pay Mother's attorney's fees. However, appeals are "a distinct stage in the proceeding" and the court's denial of attorney's fees for the trial does not control the ability to award attorney's fees for the appeal. *Trapani v. Trapani*, 686 S.W.2d 877, 878 (Mo. App. E.D. 1985).

Nonetheless, Father argues that because he objected to the relocation in good faith, the trial court was precluded from awarding Mother *any* amount of her attorney's fees from the appeal. This argument is without merit. Father's appeal of the 2013 modification proceeding was four-fold. In two points, Father challenged relocation and in the other two points, Father challenged the custody modification.[3] Mother requested a total of $23,750 in attorney's fees for the appeal, one-third of which Mother's counsel estimated went toward the relocation issues,

---

[3] Our Supreme Court rejected all of Father's points on appeal. In finding that Father's arguments were without merit, the Court noted that Father's contrary evidence was "irrelevant" and "inconsistent with [the] Court's standard of review." *See Pasternak*, 467 S.W.3d at 270, 274. The Court concluded that there was substantial evidence to modify custody "based on the evidence that Mother and Father's relationship was so contentious that they could not effectively function, communicate, or make joint decisions regarding the children, and that Father's negative conduct had a deleterious impact on the children." *Id.* at 266.

4

approximately $7,916.67. Under these circumstances, we cannot conclude that an award of $12,500—an amount less than the remaining two-thirds of the bill—was an abuse of discretion. *See Aubuchon v. Hale*, 453 S.W.3d 318, 325 (Mo. App. E.D. 2014) (concluding that the trial court did not abuse its discretion in awarding the mother one-fifth of her attorney's fees on the appeal of the trial court's denial of her motion seeking sole custody and relocation of the children). While the trial court is barred by the statute from awarding attorney's fees if a party objects to relocation in good faith, it is nonetheless within the trial court's discretion to award attorney's fees for modification. *See Aubuchon*, 453 S.W.3d at 325.[4] Therefore, the trial court may segregate attorney's fees into those that cannot be awarded under § 452.377.13 and those that are within its discretion to award under § 452.355.1. *Id.* Accordingly, Point I is denied.

### Point II: Substantial Evidence Supported the Trial Court's Award

In his second point on appeal, Father argues that even if the award of attorney's fees was appropriate, the award was not supported by substantial evidence. Mother contends that the evidence before the trial court was sufficient.

We again note that under § 452.355.1, a court, "after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action," may order one party to pay a reasonable amount of the other party's attorney's fees. The party requesting attorney's fees has the burden of proving that she is entitled to such an award. *Bryant*, 351 S.W.3d at 691. A trial court has "wide discretion in awarding attorney's fees" and "is an expert in the area of attorneys' fees."

---

[4] When a party requests to relocate the children, modification of previous custody arrangements is generally necessary and allocation of attorney's fees as relocation fees and modification fees may not be possible. However, in this case, both parties requested sole physical and legal custody of the children, beyond that required by the relocation. To the extent that these two issues did not overlap, it is possible to separate the attorney's fees for relocation and custody modification.

5

*Downard v. Downard*, 292 S.W.3d 345, 350 (Mo. App. E.D. 2009). "[T]he judge who tries a case is acquainted with the issues and can fix the amount of attorney's fees without the aid of evidence" of the actual fees. *Fleming v. Fleming*, 446 S.W.3d 677, 683 (Mo. App. W.D. 2014) (affirming the trial court's award of attorney's fees despite the lack of evidence of the number of hours a party's attorney worked on the case).

Father contends that because Mother's counsel could only estimate that one-third of his fees were for his work on the relocation issue, there was insufficient evidence for the trial court to determine the award of attorney's fees and that Mother did not satisfy her burden of proof. The record reflects that the trial court considered that Mother requested a total of $23,750 in attorney's fees from the appeal of the 2013 modification proceeding. The trial court reduced that number to $15,833.33 to account for Mother's counsel's assessment that one-third of the fees were exclusively for his work on the issue of relocation. The trial court considered the fact that many of the issues relating to relocation and child custody were overlapping. Additionally, the trial court was familiar with the parties' financial resources, the merits of Father's appeal, as well as the parties' actions during the pendency of the action. Accordingly, the trial court awarded Mother less than two-thirds of her attorney's fees on appeal, $12,500.

We conclude that the trial court's award of attorney's fees was supported by substantial evidence. Point II is denied.

### *Response to the Dissent*

Finally, we address the dissent's argument that the trial court's award of attorney's fees constitutes an abuse of discretion. The dissent contends that our opinion conflicts with this Court's opinion in *Orth v. Orth*, 637 S.W.2d 201 (Mo. App. E.D. 1982). In *Orth*, the trial court awarded the wife fees after a hearing on modification issues "presumably because the court

6

believed that [the wife] did not have sufficient means to defend or prosecute on her own." *Id.* at 207. The *Orth* court held that the trial court "reached an inconsistent result in failing to provide for [the] wife's expenses on appeal when faced with the question several months [after awarding the wife's fees for the hearing]; nothing was before the trial court to indicate that the parties' circumstances had changed." *Id.* Furthermore, the court noted that the party in the more advantageous financial position, the husband, appealed the trial court's judgment, and as a result, the wife "would have been obliged to incur considerable expense after trial whether or not she prosecuted an appeal." *Id.* The dissent suggests that *Orth* created a categorical rule that a trial court's order granting or denying attorney's fees for trial controls whether the court may do the same for fees for an appeal, and vice versa. The dissent likens the present case to *Orth* because the trial court did not award attorney's fees for the hearing, but awarded fees for the appeal.

However, *Orth* does not stand for the proposition that if a trial court denied attorney's fees for the hearing, it cannot grant attorney's fees for an appeal. "An appeal is a distinct stage in the proceeding for which attorney fees may be granted" and "[t]the denial of attorney fees for the trial is not controlling." *Trapani v. Trapani*, 686 S.W.2d 877, 878 (Mo. App. E.D. 1985). Further, the decision in *Orth* is limited to its facts, which are clearly distinguishable from the present case.[5] Here, no attorney's fees were awarded for the hearing where both sides presented numerous, heavily disputed facts. On appeal of the custody points, our Supreme Court found Husband essentially ignored the standard of review and argued irrelevant evidence. The Court found Father's arguments to be without merit. *Pasternak*, 467 S.W.3d at 270.[6] We again note

---

[5] We do agree with the dissent to the extent that there is one similarity between the present case and *Orth*, in that Father chose to pursue a meritless appeal, forcing Mother to incur fees defending that appeal. *Orth*, 637 S.W.2d at 207.

[6] We also agree with the dissent that the trial court did not possess the benefit of the Supreme Court's opinion in *Pasternak* when it wrote its order for fees on appeal. That does not limit the ability of the trial court to analyze those legal merits. Ultimately, the Supreme Court determined Father's appeal was meritless, which supports our conclusion that the trial court did not abuse its discretion in awarding fees for the appeal.

that one of the relevant factors for the trial court to consider in awarding attorney's fees is the merits of the case. § 452.355.1. Here, the trial court specifically noted "the merits of all aspects of [Father's] case on appeal" in its order for attorney's fees for the appeal.

The dissent also states that "the mere filing of an appeal in and of itself" does not justify the award of attorney's fees. We agree, and believe that the dissent is misconstruing our opinion to stand for a proposition that it does not. The filing of the appeal was not the reason for the trial court's award. Unlike in *Orth*, where the main relevant factor—the financial disparities between the parties—was the same at trial and on appeal, here the main relevant factor—the legal merits of Father's case—was different on appeal than at the hearing. The merits of Father's legal arguments, given the appellate court's standard of review, were diminished on appeal compared to the hearing. A similar conclusion was reached by the Western District in *Runyon v. Runyon*, 907 S.W.2d 267 (Mo. App. W.D. 1995), which the dissent fails to address. In that case, the Court did not award fees for the modification hearing but did award fees on appeal. The wife, invoking *Orth*, argued this outcome was a "fatal inconsistency." *Id.* at 273. The *Runyon* Court concluded that *Orth* did not control and that it did not amount to an abuse of discretion for the trial court "to order each party to pay their own attorney's fees at trial simply because [the husband] was ordered to pay [the wife's] . . . fees on appeal." *Id.* The Court noted that since the trial, the parties had changed circumstances warranting an award of fees for the appeal. *Orth* is, thus, inapposite.

## Conclusion

The judgment of the trial court is affirmed.

_____
Philip M. Hess, Judge

Lisa S. Van Amburg, C.J., concurs.
James M. Dowd, J., dissents in separate opinion.

9



# In the Missouri Court of Appeals
## Eastern District

<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| PAUL L. PASTERNAK | ) No. ED102319 |
| | ) |
| Appellant, | ) Appeal from the Circuit Court of |
| | ) St. Francois County |
| vs. | ) |
| | ) Honorable Shawn R. McCarver |
| DENISE M. PASTERNAK, | ) |
| | ) |
| Respondent. | ) Filed: November 24, 2015 |

**Dissent**

**Introduction**

I respectfully dissent because I believe that the trial court's award of attorney's fees in this case constitutes an abuse of discretion.

I agree with the majority opinion that the trial court has considerable discretion pursuant to § 452.355.1 on the issue of attorney's fees in domestic relations cases. That discretion, however, has been statutorily eliminated when relocation is the issue as long as the opposition to the relocation request has been made in good faith as the trial court found to be the case here. See § 452.377.13.

I also agree with the majority opinion that in cases where a relocation request is litigated and other un-related issues are litigated as well, the trial court has discretion to segregate out the

litigated matters on which attorney's fees may be awarded from those on which attorney's fees are not allowed such as the relocation issue present here.

My divergence from the majority opinion arises out of the specific circumstances of this case where the trial court denied Respondent's attorney's fees request at trial but then granted a subsequent request based on the attorney's fees generated in connection with Appellant's appeal of the judgment to this Court. I do not believe that this record contains a sufficient change in circumstances between the time of the trial court's original judgment and the time of its attorney's fees award before us now.

The parties' legal positions before the trial court and on appeal were the same. Appellant, though unsuccessful before the trial court, appears to have simply reiterated his legal positions in his appeal to this Court. Moreover, the parties stipulated that their economic circumstances were unchanged between the time of the trial court's judgment denying Respondent's attorney's fees request and the time the trial court granted Respondent's request for attorney's fees for the appeal. It is significant that the trial court did not amend its finding that Appellant's opposition to relocation was in good faith.

It appears that the only arguably changed circumstances that occurred after the trial court denied Respondent's initial attorney's fees request is that Appellant filed an appeal. I do not believe that the mere filing of an appeal in and of itself should justify the award of attorney's fees by a trial court that when faced with the trial of those same issues, denied the attorney's fees request.

The majority states that the legal merits of Appellant's case were different on appeal than before the trial court and that that represents a sufficient change in circumstances to justify the award of appellate attorney's fees. I disagree. Certainly, § 452.355.1 allows the trial court to

2

consider the "merits of the case" in its attorney's fees determination. Presumably, the trial court considered the merits of each side's arguments when it refused to award attorney's fees for the trial court litigation. And since each side's arguments on appeal varied little from their arguments at trial, it does not appear that the "merits" of Appellant's arguments were appreciably different.

It should be noted that the trial court's award was issued on July 28, 2014, which was before both this Court's and the Supreme Court's decisions in this case. Thus, the trial court did not know which party had prevailed. So in determining whether the trial court properly exercised its discretion in this case, we are limited to the record before the trial court which does not include this Court's decision in favor of Appellant or the Supreme Court's final decision in this case in favor of Respondent. *Pasternak v. Pasternak*, ED100439, 2014 WL 4084862 (Mo. App. E.D. Aug. 19, 2014); *Pasternak v. Pasternak*, 467 S.W.3d 264 (Mo. banc 2015). The majority's reliance on the Supreme Court's decision is not warranted since that decision was not before the trial court.

Finally, absent a sufficient change in circumstances, which I do not believe to be present here, the trial court's decisions denying attorney's fees at trial but granting them for the appeal are inconsistent. *See Orth v. Orth*, 637 S.W.2d 201, 207 (Mo. App. E.D. 1982). In *Orth*, this Court found the trial court's denial of attorney's fees for an appeal to be inconsistent with the prior award of attorney's fees for trial because the parties' circumstances had not changed. *Id.*

I would reverse the trial court's award of attorney's fees in this case.

_____
James M. Dowd, Judge

3